NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7026

JAMES W. PERRY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

James W. Perry, of Kwajalein Atoll, Marshall Islands, pro se.

L. Misha Preheim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, Washington, DC. Of counsel was Christopher P. McNamee, Staff Attorney.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7026

JAMES W. PERRY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-0206, Judge Robert N. Davis.

_____

DECIDED: June 6, 2008

_____

Before NEWMAN, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

James W. Perry ("Mr. Perry") appeals the United States Court of Appeals for Veterans Claims ("Veterans Court") order denying his petition for a writ of mandamus. Perry v. Nicholson, No. 07-0206 (Vet. App. June 28, 2007).  The Veterans Court determined that Mr. Perry asserted the same allegations as an earlier denied petition without any additional compelling arguments for the necessity of a writ, and denied the petition.  Id.  We dismiss for lack of jurisdiction.

BACKGROUND

Mr. Perry is a Vietnam veteran who served on active duty from March 1968 until October 1979.  In September 1975, while on duty, he suffered a back sprain.  No subsequent treatment was necessary and Mr. Perry did not complain of back pain until 1979.

In June 1989, Mr. Perry filed a claim seeking service connection for his back disability.  The Department of Veterans Affairs ("VA") Regional Office denied his claim because his physical examination results were normal.  During his 2003 and 2004 VA examinations, examiners observed a back condition.  In 2005, in light of the new evidence, the Board of Veterans' Appeals ("Board") considered his claim on a *de novo* basis.  The Board found that the preponderance of evidence suggested that Mr. Perry's back disability was unrelated to his service and denied his service connection claim.

In February 2006, Mr. Perry appealed to the Veterans Court.  He argued that the Board's determination was based on inadequate VA examinations performed by noncompliant and inexperienced personnel.  On December 4, 2006, he filed a petition for a writ of mandamus.  Mr. Perry claimed an error based on the examiners' ignorance of the law and medical references, and requested a written condemnation of the behavior of the Secretary of Veterans Affairs and his representatives.  On May 23, 2007, the Veterans Court denied the petition because Mr. Perry's claims were directly related to his pending appeal and thus the appeals process provided adequate means of relief.

On January 24, 2007, Mr. Perry had submitted a second petition for a writ of mandamus, which was filed under a separate docket number.  The petition asserted

similar allegations of inadequate examinations and noncompliant personnel that resulted in the incomplete adjudication of his claim. In addition to the written condemnation, Mr. Perry also requested the re-adjudication of all of his service connection claims since 1997. On June 28, 2007, the Veterans Court denied his petition because the allegations were identical to those cited in his first petition, which had been denied in May 2007. On August 22, 2007, the Veterans Court entered judgment, from which Mr. Perry now appeals.

## DISCUSSION

The Federal Circuit has exclusive jurisdiction to review "the validity of a [Veterans Court decision] on a rule of law or of any statute or regulation." See 38 U.S.C. § 7292(a) (2002). This rule applies as well when we review the validity of the Veterans Court's application of the All Writs Act, which requires that the court issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (1949); see Lamb v. Principe, 284 F.3d 1378, 1381 (Fed. Cir. 2002). But, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a law or regulation as applied to the facts of a particular case" when evaluating a denial of writ. 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Perry makes two arguments. He argues that the Veterans Court mismanaged and ignored his appeal by misfiling his January petition. If the misfiling does not affect Mr. Perry's substantial rights, it is considered a harmless error. See Szemraj v. Principi, 375 F.3d 1370, 1374 (Fed. Cir. 2004) (citing 28 U.S.C. § 2111 (2000)). The court assigned the January petition a different docket number because Mr. Perry did not clearly indicate which case he was petitioning for review. Had the court

filed the second petition under the same docket number as the appeal, as Mr. Perry claims it should have, the petition would still have been denied. The court found that the January petition asserted "precisely the same allegations" as the December petition, which was denied in May 2007. Thus, Mr. Perry's January petition would have been denied even if filed correctly, so his substantial rights are unaffected. Because the misfiling is a harmless error, we disregard it. See id.

Mr. Perry also argues that the Veterans Court erred in denying his petition for writ of mandamus. The court denied the petition because the three conditions necessary for granting a writ were not met. For the Veterans Court to grant the petition, (1) the veteran must demonstrate a lack of adequate alternative means to obtain the desired relief, in order to ensure the writ is not used as a substitute for the appeals process; (2) the veteran must demonstrate a clear and indisputable right to the writ; and (3) the court, in its discretion, must be convinced that the circumstances warrant issuance of the writ of mandamus. Cheney v. U.S. Dist. Court of D.C., 542 U.S. 367, 380–81 (2004). The Veterans Court determined that Mr. Perry did not meet his burden regarding the first condition. The court found that the petition's allegations of inadequate VA medical examinations and personnel misconduct were directly related to his pending appeal, so he had adequate means of relief available. The court also interpreted his simultaneous petition for a writ as an attempt to avoid the appeals process. Thus, the court found that Mr. Perry could not satisfy the prerequisite conditions for a writ and denied his petition.

Unlike the two legal issues raised in Lamb, which were properly before us in that appeal from a denial of mandamus, the issue raised by Mr. Perry is whether the facts of

his case entitle him to the writ of mandamus. Because this is a challenge to the Veterans Court's application of law to facts or a challenge to factual issues concerning the merits of the petition, review of the denial of the writ is beyond the scope of our jurisdiction. 38 U.S.C. § 7292(d)(2). Because Mr. Perry does not raise a statutory or regulatory interpretation issue, or any constitutional challenges, we dismiss for lack of jurisdiction.