NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7017

ISHMEAL W. JEMMOTT, JR.,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Ishmeal W. Jemmott, Jr., of Jacksonville, Florida, pro se.

Michael J. Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Dana Raffaelli, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge William A. Moorman

# United States Court of Appeals for the Federal Circuit

2009-7017

ISHMEAL W. JEMMOTT, JR.,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 08-2611, Judge William A. Moorman.

_____

DECIDED: August 5, 2009

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE, and RADER, <u>Circuit Judges</u>.

PER CURIAM.

Ishmeal W. Jemmott, Jr., appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying him mandamus relief. For the reasons that follow, we <u>affirm</u>.

## I. BACKGROUND

According to a July 13, 2009 letter to this court, Mr. Jemmott has been pursuing a claim for a service-connected disability since 1992. Although the basis of his claim is

not clear from the record, he alleges in his informal brief before us that he is totally disabled.

The genesis of this appeal is an August 15, 2008 letter Mr. Jemmott sent the chief judge of the Veterans Court. The body of that letter stated simply: "I'm writing you able my military disabled and here are several letters I have wrote the Board of Appeals, Appeals Management Center and Congress. [sic] I would appreciate this very much if you would help them make a decision on this case. My cell number is [redacted]." App'x 7. Mr. Jemmott enclosed with the letter documents that indicated that he had asked the Department of Veterans Affairs ("VA") to expedite consideration of his claim, and that his claim was being considered, although the VA had declined to expedite it.

The letter was referred to a judge of the Veterans Court, who construed the letter as a petition for mandamus. In his decision, the judge stated that the "extraordinary" remedy of mandamus could be used only if the following three conditions were satisfied:

> (1) The petitioner must lack adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process, (2) the petitioner must demonstrate a clear and indisputable right to the writ, and (3) the Court must be convinced, given the circumstances, that the issuance of the writ is warranted.

App'x 1. The judge also stated that he understood Mr. Jemmott's "desire to receive a decision on his claim as soon as possible" and that Mr. Jemmott "may be counting on an award of VA benefits in order to meet financial obligations." App'x 1. However, the judge cited Veterans Court precedent which held that ordinary delay caused by "a burdened system" was not a sufficient basis for mandamus relief, and that instead the delay must be due to an "arbitrary refusal to act." App'x 1-2. Because the VA was indeed processing Mr. Jemmott's claim, the judge denied Mr. Jemmott mandamus relief.

The judge also noted that expediting consideration of claims was a matter within the discretion of the Secretary of Veterans Affairs, and that Veterans Court precedent held that discretionary actions of the Secretary could not be reviewed by the Veterans Court.

Mr. Jemmott then asked the Veterans Court to "review [his] claim and make a decision on [his] hardship." App'x 3. The judge construed the request "as a motion for single-judge reconsideration" and denied it. App'x 3-4. Mr. Jemmott thereafter appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II. DISCUSSION

This court has only limited authority to review decisions of the Veterans Court. This court decides "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). However, unless the appeal presents a constitutional issue, we may not review challenges to factual determinations or "to a law or regulation as applied to the facts of a particular case." Id. § 7292(d)(2). The government argues that this entirely precludes us from reviewing decisions of the Veterans Court on petitions for mandamus because such decisions are necessarily exercises of discretion based on the facts of the case. However, in Lamb v. Principi, we noted that we would have jurisdiction to review legal or constitutional issues addressed by the Veterans Court when disposing of a petition for mandamus. 284 F.3d 1378, 1381 (Fed. Cir. 2002). We have also explained that we lack jurisdiction to review factual issues raised in an appeal from the denial of a petition for mandamus. Perry v. Peake, 280 F. App'x 981, 983 (Fed. Cir. 2008) (per curiam, non-precedential).

In his informal appeal brief, Mr. Jemmott states that he would like us to obtain all his relevant medical records, review them, and award him disability benefits. We lack

jurisdiction to delve into Mr. Jemmott's medical records and determine whether he is entitled to disability benefits. The brief nowhere discusses mandamus relief or the denial thereof by the Veterans Court. Even assuming Mr. Jemmott's informal brief can be construed as challenging the Veterans Court's decision not to award him mandamus relief, we nonetheless see no legal error on the part of the Veterans Court. The Veterans Court's articulation of the standard for granting mandamus relief (quoted above) is correct. See Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380-81 (2004). Nor does Mr. Jemmott assert that the Veterans Court misinterpreted any particular statute or regulation. While we, like the Veterans Court, are not without sympathy for Mr. Jemmott's situation, he has not laid before us any error which we have the power to correct.

## CONCLUSION

For the reasons stated above, we affirm the Veterans Court's decision to deny mandamus relief to Mr. Jemmott.

## COSTS

No costs.