DYK, Circuit Judge.
 

 Appellant James E. Szemraj (“Szemraj”) appeals from the decision of the Court of Appeals for Veterans Claims affirming a decision by the Board of Veterans’ Appeals (“BVA”) that there was no clear and unmistakable error (“CUE”) in an earlier BVA decision denying service connection for a psychiatric disorder. Mr. Szemraj argues that the Court of Appeals for Veterans Claims erred by holding that the Department of Veterans Affairs’ (‘VA”) duty to fully and sympathetically develop a claim under our decision in
 
 Roberson v. Principi
 
 251 F.3d 1378 (Fed.Cir.2001), does not apply to CUE claims. We agree that the Court of Appeals for Veterans Claims misconstrued
 
 Roberson,
 
 but conclude that the error was harmless. Accordingly, we affirm.
 

 BACKGROUND
 

 Mr. Szemraj served in the United States Navy from April 30, 1981, to April 29, 1985. In November of 1985 Mr. Szemraj was diagnosed with depression by an examiner at a VA medical facility. From December 7, 1985, through January 17, 1986, Mr. Szemraj was hospitalized at a VA medical center where he was treated for obsessive-compulsive disorder and mixed personality disorder. Mr. Szemraj was again hospitalized and diagnosed as suffering from these disorders and atypical depression in March and April of 1987. In August of 1987 a psychology student intern noted that Mr. Szemraj had exhibited schizophrenic symptoms and suggested evaluation for paranoid'schizophrenia.
 

 In January 1988 Mr. Szemraj filed a claim for disability compensation for a “nervous condition — obsessive compulsive disorder.” (J.A. at 59.) The VA regional office (“RO”) denied this claim on April 19, 1988, and found no service connection because “obsessive-compulsive disorder ... is considered to be a constitutional or developmental abnormality,” rather than a condition resulting from military service. (J.A. at 62.) Subsequently, Mr. Szemraj filed a notice of disagreement requesting further evaluation by “a Board of three (3) certified psychiatrists to determine a onetime’ diagnosis.” (J.A. at 64.) The RO responded by issuing a statement of the case (“SOC”) dated August 26, 1988. In the SOC the RO responded by acknowledging that 38 C.F.R. § 3.303 provides for a presumption of service connection for psychosis diagnosed within one year of leaving the service. However, the RO explained that its decision Was proper because there was “no evidence of any psychosis diagnosed within -the presumptive period following service discharge,” and Mr. Szemraj’s symptoms were consistent with a preexisting nervous condition (not a psychosis) that was not aggravated by service. (J.A. at 70.)
 

 On August 24, 1989, after holding an evidentiary hearing, the BVA denied Mr. Szemraj’s claim.
 
 In re Szemraj,
 
 No. 88-53 781 (Bd.Vet.App. Aug. 24, 1989) (the “1989 decision”). The BVA stated that Mr. Szemraj’s allegations “pertain[ed] essentially . to inservice . aggravation of a preexisting disorder and to continuity of a chronic disorder with onset during active duty.” (J.A. at 76.) The BVA, however,
 
 *1372
 
 found no evidence of symptoms or a diagnosis of any psychotic disorder during Mr. Szemraj’s service period and noted that the veteran’s acquired neurosis did not develop until several months after leaving the service. Specifically, the BVA found that:
 

 [t]he objective evidence clearly reveals that the onset of the veteran’s acquired neurosis was several months following service separation. No useful purpose would be served by an examination by a board of three psychiatrists. The available evidence is ample and consistently confirms diagnoses including an obsessive-compulsive disorder and atypical depression. No complaints, findings, or diagnoses pertaining to a psychotic disorder have been reported. Mere comment by a student psychology intern during August 1987 that, in his opinion, the veteran demonstrated characteristics of paranoid schizophrenia, is insufficient upon which to remand the case for additional verification of existing diagnoses.
 

 (J.A. at 76-77.)
 

 Approximately ten years later in a letter dated April 12, 1999, Mr. Szemraj requested that the BVA review its August 1989 decision for CUE. Among other things, Mr. Szemraj argued that the BVA in 1989 failed to apply the one-year post-service presumption of service connection provided by 38 C.F.R. §§ 3.307 and 3.309. On April 14, 2000, the BVA rejected Mr. Szemraj’s CUE claim.
 
 In re Szemraj,
 
 No. 98-00 439A (Bd.Vet.App. Apr. 14, 2000) (the “2000 decision”). The BVA noted that this presumption applied only to psychoses and that while the record contained evidence of acquired neuroses
 
 (ie.,
 
 depression and obsessive compulsive disorder), “nothing in [the] record suggested the existence of a psychosis within the first post-service year.” (J.A. at 45.) The BVA also rejected Mr. Szemraj’s argument that its failure to remand to the RO for further examination by three psychiatrists constituted CUE because “any such failure in the duty to assist does not constitute CUE.” (J.A. at 46.)
 

 Mr. Szemraj appealed the denial of his CUE claim to the Court of Appeals for Veterans Claims, which affirmed the BVA’s decision on October 30, 2002.
 
 Szemraj v. Principi,
 
 No. 00-1349 (Vet.App. Oct. 30, 2002) (the “2002 decision”). On appeal to that court, Mr. Szemraj argued that the case should be remanded in light of our decision in
 
 Roberson,
 
 which held that the VA must “fully and sympathetically develop the veteran’s claim to its optimum before deciding it on the merits.” 251 F.3d at 1384 (quoting
 
 Hodge v. West,
 
 155 F.3d 1356, 1362 (Fed.Cir.1998)). Mr. Szemraj urged that
 
 Roberson
 
 required the Court of Appeals for Veterans Claims to instruct the BVA “to determine whether the [BVA] in August of 1989
 
 correctly applied
 
 38 C.F.R. §§ 3.307 and 3.309 as well as 38 C.F.R. §§ 3.303 and 3.304(b).” (J.A. at 22-23.) The Court of Appeals for Veterans Claims distinguished
 
 Roberson,
 
 holding that it applies only when the VA has failed to consider “a pending non-CUE claim.” 2002 decision, slip op. at 6. Judgment was entered on November 21, 2002, and Mr. Szemraj timely filed an appeal. We have jurisdiction pursuant to 38 U.S.C. § 7292.
 

 DISCUSSION
 

 The appellant argues that the Court of Appeals for Veterans Claims misconstrued our decision in
 
 Roberson,
 
 and that
 
 Roberson
 
 applies to CUE claims. We review the appellant’s claim of legal error in the decision
 
 of the
 
 Court of Appeals for Veterans Claims without deference.
 
 Meeks v. West,
 
 216 F.3d 1363, 1366 (Fed.Cir.2000).
 

 I
 

 In
 
 Roberson,
 
 we held that a veteran’s claim for the highest disability rating pos
 
 *1373
 
 sible in a claim, for service-connected compensation, when combined with evidence of unemployability, was sufficient- to raise an informal claim for total disability based upon individual unemployability (“TDIU”).
 
 Roberson,
 
 251 F.3d at 1384. In that case the veteran sought to obtain an earlier effective date for his TDIU award by arguing that he had raised an informal TDIU claim in an earlier application for benefits.
 
 Id.
 
 at 1381-82. Both' the BVA and the Court of Appeals for Veterans Claims rejected the veteran’s claim, holding that he had failed to allege TDIU in the earlier application.
 
 Id.
 
 at 1382.' We disagreed and held that while an “informal claim must identify the benefit sought,” 37 C.F.R. § 3.155(a) (2003), the DVA has a duty to “ ‘fully .and sympathetically develop the veteran’s claim to its optimum’ ” in order to determine if. an informal claim had been raised.
 
 Roberson,
 
 251 F.3d at 1384 (quoting
 
 Hodge,
 
 155 F.3d at 1362). We further held that “[o]nce a veteran submits evidence of a medical disability and makes a claim for the''highest rating possible, and additionally submits evidence of unemployability,” the identification requirement of. section 3.155(a) is mét and the VA must consider the claim for TDIU, “regardless of whether the claim is specifiT cally labeled as a claim for TDIU.”
 
 Id.
 

 But our decision in
 
 Roberson
 
 is not limited to its particular facts as the Court of Appeals for Veterans Claims appears-to have suggested here.
 
 Roberson
 
 requires;- with respect to all pro se pleadings, that the VA give a sympathetic reading to the veteran’s filings by “determinfing] all -potential claims raised by the evidence, applying all relevant laws and regulations.”
 
 Roberson,
 
 251 F.3d at 1384;
 
 see also Forshey v. Principi,
 
 284 F.3d 1335, 1357 (Fed.Cir.2002)
 
 (en banc)
 
 (“[WJhere a party appeared pro se before the lower court, a court of appeals may appropriately be less stringent in requiring that the issue have been raised explicitly.”). Thus, when determining if CUE exists in an earlier decision, the VA must give a sympathetic reading to the veteran’s filings in. that earlier proceeding, to determine the scope of the claims..
 
 See Roberson,
 
 251 F.3d at 1384.
 

 In
 
 Cook v. Principi,
 
 318 F.3d 1334 (Fed. Cir.2002)
 
 (en banc),
 
 we reaffirmed our decision in
 
 Roberson
 
 in this respect, holding that developing, a claim “to its optimum” under
 
 Roberson
 
 and
 
 Hodge
 
 requires the VA to “ ‘determine all potential claims raised by the evidence,’ ” regardless of the specific labels those claims are given in the veteran’s pleadings.
 
 Id.
 
 at 1347 (quoting
 
 Roberson,
 
 251 F.3d at 1384).
 

 Here, the Court of Appeals for Veterans Claims apparently misunderstood our decision. in
 
 Roberson.
 
 Relying on its earlier decision in
 
 Lane v. Principi,
 
 16 Vet.App. 78 (2002), the Court of Appeals for Veterans Claims held that our decision in
 
 Roberson
 
 applies only when there is “a pending non-CUE claim” before the VA.2002 decision, slip op. at 6. Therefore, the Court held that
 
 Roberson
 
 was-inapplicable.
 
 Id.
 
 This was error because, as explained in
 
 Roberson,
 
 the VA has a duty to sympathetically read a veteran’s allegations in all benefit claims, regardless of the existence of a pending non-CUE claim. 251 F.3d at 1384; see
 
 Cook,
 
 318 F.3d at 1347. As we explicitly stated in
 
 Roberson:
 

 the VA is “to fully and sympathetically develop the veteran’s claim to its optimum before deciding it on the merits.” We.see no basis for applying a different standard to a CUE claim, and we hold that the [VA] is thus required to consider a .CUE claim using the standard of
 
 Hodge.
 

 Roberson,
 
 251 F.3d at. 1384 (citation omitted) (quoting
 
 Hodge,
 
 155 F.3d at 1362).
 

 
 *1374
 
 II
 

 Mr. Szemraj urges that under these circumstances we must remand to the Court of Appeals for Veterans Claims to decide this case under the correct interpretation of
 
 Roberson.
 
 We disagree.
 

 The common law rule of harmless error, codified at section 2111 of the Judicial Code, requires us to disregard “errors or defects [in the decision on appeal] which do not affect the substantial rights of the parties.” 28 U.S.C. § 2111 (2000). However, our jurisdiction is limited in appeals from the Court of Appeals for Veterans Claims,
 
 see generally
 
 88 U.S.C. § 7292, and this limits our ability to determine the existence of harmless error. For example in
 
 D’Amico v. West,
 
 209 F.3d 1322 (Fed.Cir.2000), we lacked jurisdiction under section 7292 to determine if the error on appeal was harmless.
 
 Id.
 
 at 1327. There the Court of Appeals for Veterans Claims committed error when it held that the hew and material evidence standard of 38 U.S.C. § 5108 did not apply to permit reopening of claims denied because the applicant failed to establish status as a veteran.
 
 Id.
 
 The agency urged that remand was unnecessary because in any event the BVA had correctly determined that the veteran had failed to satisfy the standard of section 5108 On the facts of. that case, ie., that there was insufficient new evidence as to the applicant’s veteran status to justify reopening the earlier decision.
 
 Id.
 
 We noted that the Court of Appeals for Veterans Claims never addressed the merits of the BVA’s application of that provision and that we lacked jurisdiction to determine in the first instance if the Court of Appeals for Veterans Claims’ legal error affected the judgment.
 
 Id.
 

 Nothing in
 
 D’Amico
 
 suggests that harmless error analysis in our review of decisions from the Court of Appeals for Veterans Claims is inappropriate where we have jurisdiction to adjudicate whether the error was harmless. In
 
 Forshey
 
 we explained that under 38 U.S.C. § 7292(a) we have jurisdiction over:
 

 (1) issues concerning the validity of statutes or regulations on which the decision of the Court of Appeals for Veterans Claims depended;
 

 (2) issues of interpretation if the Court of Appeals for Veterans Claims elaborated the meaning of a statute or regulation and the decision depended on that interpretation;
 

 (3) issues of validity or interpretation raised before the Court of Appeals for Veterans Claims but not explicitly decided, if the decision would have been altered by adopting the position that was urged; and
 

 (4) other “relevant” questions of law.
 

 284 F.3d at 1338 (quoting 38 U.S.C. § 7292(a)). Subsequently, Congress amended section 7292,
 
 see
 
 Veterans Benefits Act of 2002, Pub.L. No. 107-330, §. 402(a), 2002 U.S.C.C.A.N. (116 Stat.) 2820, 2832, to make clear that we also have jurisdiction to “review a decision of the Court [of Appeals for Veterans Claims] on a rule of law.” 38 U.S.C.A. § 7292(a) (2003 Supp.).
 
 [1]
 
 Our jurisdiction continues to be limited such that absent a constitutional issue, we cannot review either “a challenge to a factual determination, or
 
 *1375
 
 ... a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2) (2000). While the effect of the 2002 amendment has not yet been fully determined, we recently held that “the congressional amendment to our jurisdictional statute means at least this much: in a case [where]
 
 the decision below regarding a governing rule of law would have been altered
 
 by adopting the position being urged, this court has jurisdiction to entertain the matter.”
 
 Morgan v. Principi,
 
 327 F.3d 1357, 1363 (Fed.Cir.2003) (emhasis added).
 

 Thus, although we cannot review the Court of Appeals for Veterans Claims’ application of a legal standard to the facts of the particular case to determine whether there has been an error that is essentially factual in nature (i.e., reviewable under a clearly erroneous standard),
 
 see, e.g., Lennox v. Principi
 
 353 F.3d 941, 946 (Fed.Cir.2003);
 
 Cook v. Principi
 
 353 F.3d 937, 939 (Fed.Cir.2003), we do have jurisdiction to determine whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute, that is, whether there is an error of law,
 
 see Bailey v. Principi
 
 351 F.3d 1381, 1384 (Fed.Cir.2003) (“[W]hen the material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of the ... claim, this court has treated the question ... as a matter of law that we are authorized by statute to address.”) (citing
 
 Jaguay v. Principi,
 
 304 F.3d 1276, 1289 (Fed.Cir.2002) (
 
 en
 
 banc));
 
 see also Santana-Venegas v. Principi
 
 314 F.3d 1293, 1298 (Fed.Cir.2002).
 

 It logically follows that we also have jurisdiction to determine whether the existence of another legal principle could render that error of law harmless. In our
 
 en banc
 
 decision in
 
 Forshey
 
 we repeatedly emphasized that our jurisdiction requires that the issues we address in appeals from the Court of Appeals for. Veterans Claims have some impact on the decision below.
 
 See, e.g., Forshey,
 
 284 F.3d at 1338;
 
 see also Morgan,
 
 327 F.3d at 1363. Put differently, as an appellate court (where our jurisdiction permits), “[w]e sit to review judgments, not opinions,”
 
 Stratoflex, Inc. v. Aeroquip Corp.,
 
 713 F.2d 1530, 1540 (Fed.Cir.1983). Even though our jurisdiction is limited by section 7292(d)(2), if our decision cannot affect the judgment of the court below, because there was no legal error in the judgment itself, there is no basis for reversal.
 

 Ill
 

 Here, determination of legal error does not require resolution of disputed facts. Even though the Court of Appeals for Veterans Claims misunderstood our decision in
 
 Roberson,
 
 we need not remand because
 
 Roberson
 
 has no application to the circumstances of this case. The BVA held an evidentiary hearing and resolved the allegedly conflicting medical evidence in the record against Mr. Szemraj in its 1989 rating decision. In his opening brief, the appellant urged that this was CUE because the agency had a duty under
 
 Roberson
 
 to further develop the evidence before deciding his claim on the merits. According to the appellant, “the Agency’s failure to reconcile the conflicting evidence before adjudication is inconsistent with fully and sympathetically developing the claim to its optimum before deciding it on the merits.” (Br. of Claimant-Appellant at 9) (internal quotation marks and alterations omitted).
 

 However, apart from the requirement that a pro se veteran’s pleadings be read sympathetically, our decision in
 
 Roberson
 
 did not change the well-established legal standard for determining the existence of CUE in RO and BVA decisions.
 
 See Cook,
 
 318 F.3d at 1344;
 
 see also
 
 38 U.S.C.
 
 *1376
 
 §§ 5109A, 7111 (2000). In
 
 Cook
 
 we held
 
 en banc
 
 that in order to constitute CUE, the alleged error must be both “outcome determinative” and “based upon the evidence of record at the time of the original decision.” 318 F.Sd at 1344. Thus, we rejected the contention that a violation of the VA’s duty to assist in obtaining or further developing evidence, under 38 U.S.C. § 5103A(a), could constitute CUE.
 
 Id.
 

 Contrary to the appellant’s argument,
 
 Roberson
 
 does not require the YA to reconcile the conflicting evidence before adjudication, nor does it require the agency to develop evidence on the veteran’s theory. To construe
 
 Roberson
 
 as requiring factual development as a matter of course would be to effectively overrule our decision in
 
 Cook
 
 that the failure to assist in developing the evidentiary record cannot constitute CUE.
 
 See id.
 

 At oral argument the appellant for the first time on appeal contended that the rule of
 
 Roberson
 
 was violated because the BVA incorrectly applied the relevant regulations when it made its 1989 decision. Specifically, the appellant argued that the Court of Appeals for Veterans Claims misconstrued
 
 Roberson
 
 and therefore did not address whether in the 1989 decision the BVA failed to “consider the veteran’s entitlement to service connection under [38 C.F.R. §§ ] 3.303(b) and 3.307.”
 
 [2]
 
 (Oral Argument,
 
 Szemraj v. Principi
 
 No. 03-7047 (Dec. 5, 2003).) However, the BVA specifically held in its 2000 decision, and the Court of Appeals for Veterans Claims subsequently affirmed, that the agency considered and correctly applied 38 C.F.R. §§ 3.303, 3.304, 3.307 and 3.309 in the 1989 decision.2000 decision, slip op. at 12-13,
 
 aff'd Szemraj,
 
 slip op. at 7-8.
 
 Roberson
 
 does not change the legal standard for determining whether the VA correctly applied its regulations to a veteran’s claims. All
 
 Roberson
 
 requires is that the VA give a sympathetic reading to the veteran’s filings to determine all claims for recovery supported by a liberal construction of those allegations.
 
 Roberson,
 
 251 F.3d at 1384. There is no allegation here that the agency failed to do so in the 1989 decision.
 

 Thus, we reject both of the appellant’s contentions as to what
 
 Roberson
 
 requires. Under these circumstances, there is no basis for reversal, because the error in the Court of Appeals for Veterans Claims’ decision was harmless.
 

 CONCLUSION
 

 Although the Court of Appeals for Veterans Claims misconstrued our decision in
 
 Roberson,
 
 there was no legal error in the judgment below. Consequently, the decision of the Court of Appeals for Veterans Claims is
 

 AFFIRMED.
 

 [1]
 

 . The 2002 amendment added the underlined text to 38 U.S.C. 7292(a):
 

 (a) After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain review of the decision with respect to the validity of
 
 a decision of the Court on a rule of law or of
 
 any other statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision.
 

 38 U.S.C.A. § 7292 (2003 Supp.).
 

 [2]
 

 . The version of section 3.303(b) in effect at the time of the BVA’s 1989 decision provided that there was service connection for subsequent manifestations of a chronic disease that began to manifest symptoms at anytime during service or within the presumptive period following service. If the disease was not "chronic/’ then service connection could have been established by showing a ''[c]ontinuity of symptomatology,” that begins during service or within the presumptive period following service. 38 C.F.R. § 3.303(b) (1989). Section 3.307 provided for a one year presumption of service connection for certain diseases that manifested within one year of service termination. 38 C.F.R. § 3.307 (1989).