NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7303

JAMES N. CHEST,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Ryan C. Morris, Sidley Austin LLP, of Washington, DC, argued for claimant-appellant. With him on the brief was Stephen B. Kinnaird. Of counsel on the brief was Barton F. Stichman, National Veterans Legal Services Program, of Washington, DC.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Ethan G. Kalett, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7303

JAMES N. CHEST,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee,

Appeal from the United States Court of Appeals for Veterans Claims in 05-2241, Chief Judge William P. Greene, Jr.

_____

DECIDED: July 21, 2008

_____

Before LOURIE, BRYSON, and PROST, Circuit Judges.

LOURIE, Circuit Judge.

James N. Chest appeals from the United States Court of Appeals for Veterans Claims' ("Veterans Court") decision affirming the decision of the Board of Veterans' Appeals ("Board") denying Chest a disability rating higher than ten percent for his service-connected hepatitis C. Chest v. Nicholson, No. 05-2241, 2007 U.S. App. Vet. Claims LEXIS 884 (Vet. App. May 31, 2007). Because we find that the Veterans Court

applied the correct legal standard and that other appealed issues are beyond our jurisdiction, we <u>affirm</u> <u>in</u> <u>part</u> and <u>dismiss</u> <u>in</u> <u>part</u>.

BACKGROUND

Chest is a veteran of the United States Army, having honorably served from December 1970 to August 1973. On March 23, 2000, a Department of Veterans Affairs ("VA") regional office ("RO") found Chest's hepatitis C to be service-connected, but assigned a noncompensable rating. Chest appealed that rating, and, following a Board remand, was granted a VA medical examination to determine the extent of his disability. Based on that examination, Chest's injury was assigned a 10% disability rating. Chest appealed that rating to the Board.

After receiving a letter from Chest's private physician, Dr. Kleinman, the Board issued a "Development Request" instructing the Board's case development unit to obtain a release form from Chest and treatment records from Dr. Kleinman. In May 2003, VA received an "Authorization and Consent Form" ("the May 2003 authorization") from Chest authorizing the VA to obtain Dr. Kleinman's records. Chest wrote on the form, "this is the last time I respond or try to prove my case." In September 2003, the Board once again remanded Chest's case to the RO. Among other things, the Board's remand order ("the 2003 remand order") instructed the RO to use the May 2003 authorization to "request all medical treatment records from Dr. Martin S. Kleinman."

In March 2004, the RO wrote to Chest informing him of the status of his case. The letter also requested a new authorization form, as the May 2003 authorization was not compliant with the recently enacted Health Insurance Portability and Accountability Act ("HIPAA"). The RO never received an updated authorization form from Chest.

In March 2005, the RO denied Chest a disability rating in excess of ten percent. On appeal, the Board found that the May 2003 authorization form had been invalidated by HIPAA and that Chest had not responded to VA's request for an updated form. The Board found that because Chest had failed to newly authorize the RO to obtain Kleinman's medical records, it had substantially complied with the 2003 remand order. Thus, the Board concluded that Chest had not established that a rating higher than ten percent was warranted.

The Veterans Court affirmed the Board's decision. The court held that because Chest had not supplied the VA with a HIPAA-compliant authorization form, the VA had not failed to comply with the 2003 remand order. Furthermore, the court found that the VA had no duty to inform Chest of its inability to obtain his records because Chest had failed to properly reauthorize VA to obtain them. Thus, the court concluded, Chest had not demonstrated that the Board had committed any reversible error.

Chest timely appealed the court's decision. We have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

The scope of our review of a final decision from the Veterans Court is limited by statute. See 38 U.S.C. § 7292. Under § 7292(a) we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2). We review issues of law over which we

have jurisdiction de novo. Andrews v. Nicholson, 421 F.3d 1278, 1281 (Fed. Cir. 2005) (citing Wagner v. Principi, 370 F.3d 1089, 1091 (Fed. Cir. 2004)).

On appeal Chest makes two primary arguments. First, he argues that "substantial compliance" with a Board remand order is legally insufficient and that only "complete compliance" with an order fulfills VA's duty to assist. Chest's second argument is that the Veterans Court erred as a matter of law in affirming the Board's determination that the RO substantially complied with the 2003 remand order. That argument relies on this court having jurisdiction to review questions of remand compliance.

As for the standard of remand compliance required by law—a question over which jurisdiction is undisputed—we hold that substantial compliance is a correct standard. Chest appears to argue that "complete" compliance or "absolute" compliance with a Board remand is required for the VA to fulfill its duty. Chest Br. at 19, 20. According to Chest's reasoning, the substantial compliance standard applies only to cases involving minor deficiencies while the present case involves an absolute deficiency and therefore requires complete compliance. Chest Br. at 23, 24.

We are not persuaded that the Veterans Court adopted or applied an incorrect legal standard. In essence, Chest is asking this court to evaluate whether the Veterans Court was correct in finding substantial compliance. Chest's argument appears to be essentially an attempt to argue the merits of the sufficiency decision under the guise of a legal standard. We lack jurisdiction to analyze the sufficiency decision, as discussed below. Substantial compliance is a correct standard from which to judge remand

compliance, and we therefore affirm the Veterans Court's decision on that legal question.

Chest's other principal argument is that the Veterans Court erred in its determination that the RO substantially complied with the Board's remand order. However, we do not have jurisdiction to decide that question. It is statutorily established that this court may not review challenges to a factual determination of the Veterans Court or challenges to a law or regulation as applied to facts by the Veterans Court. 38 U.S.C. § 7292(d)(2).

Chest argues that the Veterans Benefits Act of 2002 amended 38 U.S.C. § 7292(a) by expanding the matters over which this court has jurisdiction to include review of decisions concerning a rule of law. Veterans Benefits Act of 2002, Pub. L. No. 107-330, 116 Stat. 2820. However, that amendment does not benefit Chest. The full ramifications of that change have not been explored by this court, see Szemraj v. Principi, 357 F.3d 1370, 1375 (Fed. Cir. 2004) ("the effect of the 2002 amendment has not yet been fully determined"), but its language gives little indication that it was intended to override the existing preclusion against reviewing applications of law to fact, and that is essentially what Chest is arguing here. Chest argues that the Veterans Benefits Act expanded this court's jurisdiction to include the review of remand decisions in which the underlying facts are not in dispute. In so arguing, he principally relies on two cases: Bailey v. Principi, 351 F.3d 1384 (Fed. Cir. 2003) and Szemraj 357 F.3d 1370 (finding that jurisdiction exists when the case concerns "whether the legal requirement of a statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute"). He also relies on those cases to

overcome this court's holding in <u>Dyment v. Principi</u>, where we held that we lacked jurisdiction to review whether a specialist "adequately complied with the remand order." 287 F.3d 1377, 1381 (Fed. Cir. 2002).

While <u>Bailey</u> and <u>Szemraj</u> hold that we may review the interpretation of a legal requirement of a statute or regulation in cases in which the facts are undisputed, such authority only involves interpretation of a statute, regulation, or rule of law in such cases. In contrast, the present case is one in which factual issues are so intertwined with the disputed legal conclusion drawn by the Veterans Court that a reviewing court would have to apply the statute to the facts. The substantive question at issue in Chest's appeal—whether or not the remand order was substantially fulfilled—is not a question that can be reviewed without our examining the Veterans Court's application of law to fact, a task that we are prohibited from undertaking. While the exact contours of our jurisdiction following the Veterans Benefits Act are as yet unexplored, Chest's appeal of the Board's remand compliance determination is beyond this court's jurisdiction under 38 U.S.C. 7292(d)(2). We therefore dismiss that portion of Chest's appeal for lack of jurisdiction.

We have reviewed Chest's remaining arguments and found them to be beyond our jurisdiction.

CONCLUSION

Accordingly, we <u>affirm</u> <u>in</u> <u>part</u> and <u>dismiss</u> <u>in</u> <u>part</u> the Veterans Court's decision affirming the Board's denial of Chest's request for an increased disability rating.

<u>AFFIRMED</u> <u>IN</u> <u>PART</u> AND <u>DISMISSED</u> <u>IN</u> <u>PART</u>