NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS DELONEY,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7054

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-3012, Judge Alan G. Lance, Sr.

---

Decided: October 13, 2011

---

DARLA J. LILLEY, Lilley Law Firm, P.L.L.C. of Daingerfield, Texas, for claimant-appellant.

MICHAEL P. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assis-

tant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN SIMKIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and Y. KEN LEE, Attorney, United States Department of Veteran Affairs, of Washington, DC.

---

Before NEWMAN, MAYER, and PLAGER, *Circuit Judges*.

PER CURIAM.

The issue in this veteran's appeal is whether the Court of Appeals for Veterans Claims ("Veterans Court") properly held that the Board of Veterans Appeals ("Board") did not specifically need to provide Mr. Deloney with a medical examination prior to denying his applications for service connection. Because the decision of the Veterans Court applied the accepted law to the facts of this case, we dismiss the appeal.

## I. BACKGROUND

Thomas Deloney was in the United States military from November 1973 to December 1975. Some twenty-five years after Mr. Deloney left the military he was admitted to a Veterans Affairs ("VA") hospital for lower back pain. At that time, Mr. Deloney had no previous history of back injury. The admitting VA physician noted that Mr. Deloney indicated that the onset of lower back pain started about a month before he sought treatment. Mr. Deloney eventually had surgery on his back related to his diagnosis of degenerative disk disease of the lumbosacral spine.

In February 2004, Mr. Deloney filed claims for service connection disability compensation for frostbite of his feet, back problems, leg problems, and sinusitis. A regional

office ("RO") of the Department of Veterans Affairs ("DVA") denied his claims in July 2004. Mr. Deloney appealed the RO's decision to the Board.

In the course of its review of the case, the Board determined that a medical examination under 38 C.F.R. § 3.159(c)(4) was unnecessary to decide any of Mr. Deloney's claims because, under the applicable legal standard, there was insufficient evidence to require a medical examination. *Id.* at 12-13. The Board concluded that they were not required to provide Mr. Deloney with a medical examination absent a showing of a current disability and an indication of a causal connection between that disability and service, which Mr. Deloney failed to do. *Id.* at 13. The Board denied his claims for frostbite, back problems, and leg problems, but remanded his service connection claim for sinusitis. *In the Appeal of Thomas L. Deloney*, No. 05-24 548, slip op. at 2-3 (Bd. Vet. App. July 9, 2009).

Mr. Deloney appealed the Board's decision to the Veterans Court. The Veterans Court concluded that the Board did not err in its determination that a medical examination was unnecessary. *Deloney*, 2010 WL 4810723, at 4-6. Specifically, the Veterans Court found that Mr. Deloney did not satisfy all the elements necessary for requiring that the VA provide a medical examination. *See McLendon v. Nicholson*, 20 Vet. App. 79 (Vet. App. 2006). In *McLendon*, the Veterans Court held that the DVA must provide a medical examination when the record contains the following:

> competent evidence of a current disability or persistent or recurrent systems of a disability, and (2) evidence establishing that an event, injury, or disease occurred in service . . . and (3) an indication

that the disability or persistent or recurrent systems of a disability may be associated with the veteran's service or with another service-connected disability, but (4) insufficient competent medical evidence for the Secretary to make a decision on the claim.

*Id.* at 81.

The Veterans Court found that Mr. Deloney failed to meet at least the third element in each of the claims he appealed. *Deloney*, 2010 WL 4810723, at 4-6. Because Mr. Deloney failed to satisfy all four of the elements set forth in *McLendon* for each of his appealed claims, the Veterans Court affirmed the decision of the Board. *Id.* at 6. Mr. Deloney now appeals to this court.

## II. DISCUSSION

Under 38 U.S.C. § 7292, this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). We have jurisdiction "to determine whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute." *Szemraj v. Principi*, 357 F.3d 1370, 1375 (Fed. Cir. 2004). However, except with respect to constitutional issues, we do not have jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Deloney presents two issues for appeal. First, he argues that the Veterans Court misinterpreted the law governing when the DVA must provide a medical examination. Second, he argues that the Veterans Court misapplied the law requiring that the Board liberally read a veteran's claim for benefits.

It is not always easy to distinguish cases in which the issue is a pure question of legal interpretation, cases over which we have jurisdiction, from cases in which the question is basically a challenge to a law or regulation as applied to the facts of the particular case, cases which by statute we may not review. Counsel in these cases go to great lengths to convince us that their case is one of pure statutory interpretation. This is a case, however, that clearly falls on the side of application of existing law.

As noted, the applicable law derives from the *McLendon* case. The Veterans Court held that the DVA must provide a medical examination when the record contains the following:

> competent evidence of a current disability or persistent or recurrent systems of a disability, and (2) evidence establishing that an event, injury, or disease occurred in service . . . and (3) an indication that the disability or persistent or recurrent systems of a disability may be associated with the veteran's service or with another service-connected disability, but (4) insufficient competent medical evidence for the Secretary to make a decision on the claim.

*Id.* at 81. The Veterans Court found that Mr. Deloney failed to meet at least the third element in each of the claims he appealed.

The third element is a question of fact, and the Veterans Court held that in applying the established law to the facts at hand, the Board did not err in refusing to provide a medical examination. Even if we were to disagree with the outcome, we are precluded from reviewing the application of the law to the facts of this case, and thus we must dismiss the appeal.

**DISMISSED**