NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER D. PACHECO,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7107

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-4255, Judge Mary J. Schoelen.

---

Decided: December 28, 2011

---

DARLA J. LILLEY, Lilley Law Firm, P.L.L.C. of Daingerfield, Texas, for claimant-appellant.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M.

HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and AMANDA BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

—————————————

Before RADER, *Chief Judge*, Bryson and Reyna, *Circuit Judges*.

PER CURIAM.

Christopher D. Pacheco ("Pacheco") appeals from the United States Court of Appeals for Veterans Claims' ("Veterans Court") decision affirming the Board of Veterans' Appeals' ("Board") denial of an earlier effective date for the grant of service connection for a psychiatric condition. Because the Veterans Court correctly construed the Department of Veterans Affairs' ("VA") duty to develop a veteran's claim, this court affirms.

I

Pacheco served on active duty in the United States Navy from September 1985 to February 1987. In August 1986, Pacheco was struck by a motor vehicle and sustained a head injury. September 1986 service medical records indicated that the accident resulted in headaches and a loss of smell and that Pacheco had been diagnosed with a closed head injury and post-concussion syndrome.

In December 1986, Pacheco filed a claim for service connection for "closed head injury, right occipital linear skull fracture, anosmia, [and] loss of sense of smell." *Pacheco v. Shinseki*, No. 08-4255, 2011 WL 835521, at *1 (Vet. App. Mar. 10, 2011). The Regional Office ("RO") granted service connection for a "[c]losed head injury with right occipital linear skull fracture and loss of sense of smell." *Id.*

In February 2004, Pacheco sought entitlement to service connection for loss of taste, headaches, personality change, and a psychiatric disorder. In January 2005, the RO granted service connection for loss of taste, headaches, and a depressive disorder (now known as post-traumatic stress disorder ("PTSD") with depression), effective from February 13, 2004. Pacheco filed a notice of disagreement with this decision, arguing that he was entitled to an effective date of 1987. In December 2008, the Board denied an effective date earlier than February 13, 2004 for loss of taste, headaches, and PTSD with depression. Pacheco appealed the Board's decision to the Veterans Court. The Veterans Court affirmed the Board's denial of an earlier effective date for the grant of service connection for loss of taste and PTSD with depression, vacated the Board's decision pertaining to headaches, and remanded for further proceedings regarding the claim for headaches.

II

Pacheco only appeals the denial of an earlier effective date for the grant of service connection for PTSD with depression. Although the Veterans Court remanded Pacheco's headache claim back to the Board, it rendered a final decision on Pacheco's claim regarding PTSD with depression. When dealing with veterans' claims for benefits, "each particular claim for benefits may be treated as distinct for jurisdictional purposes." *Elkins v. Grober*, 229 F.3d 1369, 1376 (Fed. Cir. 2000) (internal quotations omitted). Accordingly, this court has jurisdiction to review the Veterans Court's decision regarding Pacheco's PTSD with depression claim. *See id.* at 1375-77 (finding that this court had jurisdiction over appellant's neck and headache claims, despite the Veterans Court's remand of his back claim).

Under 38 U.S.C. § 7292(a), this court has jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Absent a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Pacheco argues that, in denying an earlier effective date for his claim for PTSD with depression, the Veterans Court misinterpreted 38 C.F.R. § 3.155 and this court's precedent with regard to the VA's duty to develop a claim and apply a sympathetic reading to a veteran's claim for benefits. As a general matter, "the effective date of an award . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a). An application for veterans' benefits may be either "a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit." 38 C.F.R. § 3.1(p). 38 C.F.R. § 3.155 provides that "[a]ny communication or action, indicating an intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs, from a claimant . . . may be considered an informal claim. Such informal claim must identify the benefit sought." Although an informal claim must "identify the benefit sought," the VA "has a duty to fully and sympathetically develop the veteran's claim to its optimum." *Szemraj v. Principi*, 357 F.3d 1370, 1373 (Fed. Cir. 2004) (internal quotations omitted). In particular, the VA is required to "determine all potential claims raised by the evidence, regardless of the specific labels those claims are given in

the veteran's pleadings." *Id.* However, "claims which have no support in the record need not be considered by the Board." *Robinson v. Shinseki*, 557 F.3d 1355, 1361 (Fed. Cir. 2009).

The Veterans Court properly interpreted 38 C.F.R. § 3.155, which requires a claim for benefits to "identify the benefit sought." Contrary to Pacheco's contention, the Veterans Court did not require Pacheco to provide a specific medical diagnosis in order to identify the benefit sought. In fact, the Veterans Court explicitly acknowledged that a "claimant may satisfy [the identification] requirement by referring to a body part or system that is disabled or by describing symptoms of the disability." *Pacheco*, 2011 WL 835521 at *3 (quoting *Brokowski v. Shinseki*, 23 Vet. App. 79, 86 (Vet. App. 2009)). Thus, the Veterans Court correctly interpreted this court's precedent as requiring the VA to consider all potential claims supported by the evidence in the record, including claims which may be based on symptoms described by the veteran. The Veterans Court noted that Pacheco's 1986 medical records did "not reference either a psychiatric disability or symptoms of one that would have enabled VA to determine that the nature of the disability for which he was seeking benefits involved a psychiatric disability." *Id.* Moreover, an October 1986 medical board report contained "a normal neurological examination." *Id.* In light of the evidence in the record, the Veterans Court concluded that Pacheco was not entitled to an effective date prior to February 2004 because it found "no evidence that the appellant identified a psychiatric problem at the time he filed his original claim for VA benefits." *Id.* To the extent Pacheco challenges the Veterans Court's application of the law to the facts of this case, this inquiry is outside the scope of this court's jurisdiction. 38 U.S.C. § 7292(d)(2).

Pacheco's remaining argument—that the Board was required to discuss in its opinion the Diagnostic and Statistical Manual of Mental Disorders, 4th Edition—was not raised before the Veterans Court and thus was not addressed by the Veterans Court. This court lacks jurisdiction to review issues that were neither raised by a party before the Veterans Court, nor addressed by the Veterans Court. *See Belcher v. West*, 214 F.3d 1335, 1337 (Fed. Cir. 2000) (finding that this court lacks jurisdiction to consider issues that were "not addressed by or presented to the Court of Appeals for Veterans Claims"); *see also* 38 U.S.C. § 7292(a) (providing this court with jurisdiction to review Veterans Court decisions regarding "the validity of a decision of the Court on a rule of law or any statute or regulation . . . or any interpretation thereof . . . *that was relied on by the Court in making the decision*") (emphasis added). Therefore, this court has no jurisdiction to consider this issue.

For the foregoing reasons, this court affirms the decision of the Veterans Court affirming the Board's denial of an effective date earlier than February 13, 2004 for the grant of service connection for PTSD with depression.

## AFFIRMED

### COSTS

Each party shall bear its own costs.