NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MELVIN L. PARRISH,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7015

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-2800, Judge William P. Greene, Jr.

---

Decided: March 13, 2012

---

MELVIN L. PARRISH, of Cleveland, Ohio, pro se.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. Of counsel on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director. Of counsel on the brief

was DAVID J. BARRANS, Deputy Assistant, United States Department of Veterans Affairs, of Washington, DC.

───────────────────

Before NEWMAN, MAYER, and DYK, *Circuit Judges*.

PER CURIAM.

Melvin L. Parrish appeals a judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his claim for an earlier effective date for disability compensation related to liposarcoma of the right leg. *See Parrish v. Shinseki*, No. 10-2800, 2011 U.S. App. Vet. Claims LEXIS 1923 (Vet. App. Sept. 14, 2011) ("*Veterans Court Decision*"). We dismiss for lack of jurisdiction.

## BACKGROUND

Parrish served in the United States Army from February 1970 to September 1971. He was stationed in Vietnam while on active duty. In July 2004, he filed a claim seeking service-connected benefits for cancer of the right leg. In a March 2005 rating decision, a regional office ("RO") of the Department of Veterans Affairs ("VA") granted Parrish disability benefits for postoperative excision of liposarcoma of the right leg with loss of motion of the knee and nerve damage to the right foot. In awarding Parrish disability compensation, the RO determined that his liposarcoma was presumptively associated with herbicide exposure in Vietnam. *See* 38 U.S.C. § 1116(a)(2)(B) (providing presumptive service connection for Vietnam veterans who suffer from soft-tissue sarcomas). The RO assigned Parrish a sixty percent disability rating, with an effective date of July 14, 2004.

Parrish then filed a notice of disagreement, disputing the effective date for his award of disability benefits.

After the RO denied his claim, he appealed to the Board of Veterans' Appeals ("board"). At a hearing before the board, Parrish contended that his award of disability benefits should be made retroactive to 1998, the date he was first diagnosed with liposarcoma at a VA hospital. Parrish further asserted that the VA had waived payment for the expenses associated with two liposarcoma surgeries in 1999 and 2000 because it had determined that he was entitled to service-connection for his liposarcoma. According to Parrish, however, the VA never notified him that he was entitled to service connection.

In February 2008, the board denied Parrish's claim for an earlier effective date. The board noted that the effective date for an award of service-connected benefits generally cannot be earlier than the date the VA received a veteran's claim for benefits. *See* 38 U.S.C. § 5110(a). The board stated, moreover, that "[i]n the present case, the record does not establish, and [Parrish] does not allege, that he filed a claim for service connection for liposarcoma until the July 14, 2004, claim noted by the RO." It concluded, therefore, that July 14, 2004 was the appropriate effective date for Parrish's award of disability compensation.

On appeal to the Veterans Court, Parrish asserted that the requests he filed in 1999 and 2000 asking the VA to waive the costs of his liposarcoma surgeries constituted claims for service-connected disability compensation. The Veterans Court noted that Parrish's claims seeking waiver of the costs of his surgeries were not in the record,[1] but that he had submitted copies of letters from the VA waiving payment of certain medical expenses. The

---

[1]   The VA reported that Parrish's waiver requests were destroyed by a VA medical center in Cleveland, Ohio "pursuant to [its] standard record-keeping practices."

court concluded, however, that "there [was] no indication from the VA letters granting such waivers or from other evidence in the record that Mr. Parrish expressed an intent to seek service connection for his liposarcoma until he filed his claim for compensation for service connection in July 2004." *Veterans Court Decision*, 2011 U.S. App. Vet. Claims LEXIS 1923, at *8. The court stated, moreover, that Parrish had "conceded" during his October 2007 hearing before the board "that he did not file a claim for service connection for liposarcoma until 2004." *Id.* Accordingly, the Veterans Court rejected Parrish's assertion that he was entitled to an effective date prior to July 2004.

The Veterans Court also refused to grant Parrish's claims for an increased disability rating for his liposarcoma and for special monthly compensation for the loss of use of his right foot. The court explained that it had no jurisdiction to consider these issues because they had not been addressed by the board. *Id.* at *9.

Parrish then appealed to this court. We have jurisdiction over appeals from the Veterans Court under 38 U.S.C. § 7292.

## DISCUSSION

This court's authority to review decisions of the Veterans Court is limited. *See* 38 U.S.C. § 7292. We have authority to review the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans Court] in making [a] decision." 38 U.S.C. § 7292(a). We also have jurisdiction to determine whether the court "misinterpreted our rulings in earlier decisions on an issue of law." *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004). Absent a constitutional issue, however, we lack jurisdiction to review the court's factual findings or its application of law

to the facts of a particular case. 38 U.S.C. § 7292(d)(2); *see Lennox v. Principi*, 353 F.3d 941, 946 (Fed. Cir. 2003).

As a general matter, the effective date for an award of service-connected benefits cannot be earlier than the date the VA received a veteran's claim seeking such benefits. 38 U.S.C. § 5110(a). VA regulations provide, however, that "[a]ny communication" which indicates "an intent to apply for one or more [VA] benefits" can potentially qualify as an informal claim. 38 C.F.R. § 3.155(a). "[W]hile an informal claim must identify the benefit sought, the [VA] has a duty to fully and sympathetically develop the veteran's claim to its optimum in order to determine if an informal claim had been raised." *Szemraj v. Principi*, 357 F.3d 1370, 1373 (Fed. Cir. 2004) (citations and internal quotation marks omitted); *Roberson v. Principi*, 251 F.3d 1378, 1384 (Fed. Cir. 2001).

Parrish correctly acknowledges that the fact that he received a diagnosis of liposarcoma in 1998 is not sufficient to establish that he is entitled to a 1998 effective date for his award of service-connected disability benefits. *See MacPhee v. Nicholson*, 459 F.3d 1323, 1326 (Fed. Cir. 2006). He contends, however, that he intended to make a "claim" when he filed applications, in 1999 and 2000, seeking waiver of the medical costs associated with his liposarcoma treatment. The VA was unable to produce copies of Parrish's waiver requests, explaining that the VA medical facility in Cleveland, Ohio had destroyed them pursuant to its "standard record-keeping practices." Parrish, however, has substantiated his assertion that he filed the waiver requests by submitting copies of letters from the VA which approved those requests.

The Veterans Court, after evaluating the evidence, concluded that there was no clear error in the board's determination that Parrish's first claim for service-

connected benefits was filed in July 2004. The court determined that there was "no indication from the VA letters granting . . . waivers [to Parrish] or from other evidence in the record that Mr. Parrish expressed an intent to seek service connection for his liposarcoma until he filed his claim for compensation for service connection in July 2004." *Veterans Court Decision*, 2011 U.S. App. Vet. Claims LEXIS 1923, at *8. The court noted, moreover, that when Parrish testified before the board[2] in October 2007, he "conceded that he did not file a claim for service connection for liposarcoma until 2004." *Id.*

Parrish contends that he "[c]learly . . . intended to apply" for benefits when he filed the 1999 and 2000 waiver requests and that "the VA recognized his entitlement [to benefits] by waiving [his] medical expenses." The Veterans Court, however, rejected this contention and affirmed the board's determination that Parrish's first claim for service-connected benefits was not filed until July 2004.[3] As noted previously, our jurisdictional statute, section 7292, precludes us from reviewing the factual determinations made in veterans' cases. *See Cook v. Principi*, 353 F.3d 937, 940 (Fed. Cir. 2003). Because the conclusion

---

[2] Parrish was represented by an attorney during the October 2007 board proceedings.

[3] A claim for waiver of medical expenses is not the same as a claim for service-connected disability benefits. Thus, the fact that Parrish filed a waiver request in 1999 does not necessarily establish that he filed a claim for service-connected benefits at that time or that he is entitled to a 1999 effective date. While the VA has a duty to "give a sympathetic reading to [a] veteran's filings," *Szemraj*, 357 F.3d at 1373, a veteran's informal claim must "identify the benefit sought," 38 C.F.R. § 3.155(a).

that Parrish's waiver requests did not constitute informal claims for service-connected benefits is a factual determination, we have no jurisdiction to review it. *See Moody*, 360 F.3d at 1310; *Ellington v. Peake*, 541 F.3d 1364, 1372 (Fed. Cir. 2008). Accordingly, we must dismiss Parrish's appeal for lack of jurisdiction.[4]

COSTS

No costs.

**DISMISSED**

---

[4] On appeal, Parrish also argues that the Veterans Court erred in refusing to consider his claims for an increased rating for liposarcoma and an award of special monthly compensation for the loss of use of his right foot. Because these issues were not considered by the board, however, the Veterans Court correctly determined that it lacked jurisdiction to address them. *See Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998).