NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FRANK D. BATISTE,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2025-1106

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-7626, Senior Judge Mary J. Schoelen.

_____

Decided:  May 21, 2026

_____

J. BRYAN JONES, III, J B Jones III LLC, Lafayette, LA, argued for claimant-appellant.

AUGUSTUS GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; CARLING KAY BENNETT, DEREK SCADDEN, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before TARANTO, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

Frank D. Batiste served in the United States Army from 1972 to 1975. On August 18, 2006, he applied on his own (*i.e.*, without representation) for a pension, under 38 U.S.C. §§ 1513, 1521, based on a disability traceable not to his service but to a motor vehicle accident in 2000. In that pension application, Mr. Batiste responded "no" to the question of whether he was "claiming a special monthly pension [SMP] because [he] need[s] the regular assistance of another person," J.A. 93 (question 2), a question embodying the relevant standard for receipt of an SMP addition to the otherwise-granted pension, *see* 38 U.S.C. §§ 1502(b), 1521(d); 38 C.F.R. § 3.351(a)(1). In May 2007, the relevant Regional Office (RO) of the Department of Veterans Affairs (VA) granted Mr. Batiste a pension without a special monthly pension, giving the award an effective date of August 18, 2006, J.A. 38–41, and basing it on documentation Mr. Batiste submitted from two medical examinations (in 2002 and 2005) and social security records, J.A. 48–66; J.A. 67–69; J.A. 78–82. The RO informed Mr. Batiste that he had one year to appeal, J.A. 40, but he did not do so.

On June 15, 2016, Mr. Batiste, now represented by counsel, filed a notice of intent to file a claim for a special monthly pension. J.A. 35. After a VA examination to evaluate whether Mr. Batiste needed regular aid and attendance, the RO granted him an SMP, assigning the award an effective date of June 15, 2016. J.A. 30–35. Mr. Batiste timely filed a Notice of Disagreement seeking an earlier effective date, specifically, August 18, 2006, the date of his earlier pension application. J.A. 27–29.

The Board of Veteran's Appeals found that the June 15, 2016 effective date was correct, J.A. 19–23, but the United States Court of Appeals for Veterans Claims (Veterans Court), at the behest of the Secretary and Mr. Batiste, remanded the matter to the Board for further consideration, J.A. 10. In November 2023, the Board again found June 15, 2016, to be the proper effective date for the SMP. J.A. 9–15. The Board reasoned that, in completing his application in 2006, Mr. Batiste was in the best position to know whether he needed regular aid. J.A. 13. And if Mr. Batiste, in May 2007, believed his needs justified an SMP, he could have timely filed a Notice of Disagreement. J.A. 12. The Board also reexamined the medical evidence that Mr. Batiste had submitted in 2006–07 and found that it did not indicate that he required regular aid and attendance. J.A. 13–14.

Mr. Batiste appealed to the Veterans Court. He argued that the Board had erroneously focused only on his "no" answer to the SMP-related question in his 2006 application and, also, had "ignor[ed] the fact that the evidence submitted [in support of the 2006 application] . . . indicated that [he] used a rolling walker and cane," which, he asserted, amounted to an informal claim for an SMP on August 18, 2006. Batiste Opening Br., *Batiste v. McDonough*, No. 23-7626 (Vet. App. May 1, 2024), ECF No. 1 at 3–6 (*Batiste CAVC Br.*); *see* 38 C.F.R. § 3.155(a) (2006). The Veterans Court disagreed with Mr. Batiste and affirmed the Board's decision. *Batiste v. McDonough*, No. 23-7626, 2024 WL 3897035 (Vet. App. Aug. 22, 2024) (*Decision*).

The Veterans Court ruled that the Board did not clearly err in finding that Mr. Batiste had not submitted an informal claim for an SMP before June 15, 2016, and the Veterans Court came to that conclusion while viewing the 2006 application liberally because Mr. Batiste had applied for his pension in 2006 without counsel. *Decision*, at *5. The Veterans Court, beyond recognizing the significance of the "no" answer to the question posed in the

pension application, inquired whether a claim for aid and attendance, though not expressly presented, was sufficiently implicit in the underlying evidence, including the evidence of his use of a rolling walker and cane (as expressed in his briefing). *Id.* at \*4–5 (citing *Sellers v. Wilkie*, 965 F.3d 1328, 1337 (Fed. Cir. 2020) and *Szemraj v. Principi*, 357 F.3d 1370, 1373 (Fed. Cir. 2004)); *see also id.* at \*4 (citing *Batiste CAVC Br.*, at 3–5). The Veterans Court determined that the Board had not erred in deciding that Mr. Batiste's identified evidence did not give rise to a basis for an informal claim in 2006 or, therefore, justified the asserted 2006 effective date for the SMP. *Id.* at \*5.

Mr. Batiste timely appealed the *Decision*, invoking our jurisdiction under 38 U.S.C. § 7292. Because this case involves no constitutional issue, our jurisdiction is limited to issues of asserted legal error by the *Veterans Court*, and a challenge of error in a factual finding, or of mere misapplication of law to fact, is outside our authority. *See, e.g., Perciavalle v. McDonough*, 101 F.4th 829, 835 (Fed. Cir. 2024). We conclude that Mr. Batiste has presented no issue that we have jurisdiction to decide. His legal argument focuses almost exclusively on asserted *Board* errors, only once contending (and without explaining his conclusion) that "the Board and the [Veterans Court], in turn, erred[.]" Batiste Opening Br. at 14; *see id.* at 5, 8, 10, 12, 13 (arguing about error in the Board's decision). And Mr. Batiste otherwise essentially asks us to reweigh the evidence and find "factual error," *id.* at 12; *see also id.* at 1, 5, 7, 8, 9, but we lack jurisdiction to do so.

Mr. Batiste stresses that because he was pro se when filing for a pension in 2006, he is owed "[a] liberal and sympathetic reading" of his claim under *Comer v. Peake*, 552 F.3d 1362, 1367–69 (Fed. Cir. 2009). Batiste Opening Br. at 9–11. But he fails to raise a legal argument that would give us jurisdiction.

Mr. Batiste aims his allegation of legal error based on *Comer* at the decision of the *Board*. But our jurisdiction over legal errors, as relevant here, is limited to legal errors by the *Veterans Court*. *See Janich v. Collins*, 168 F.4th 1371, 1374–75 (Fed. Cir. 2026). Mr. Batiste does not identify a *Comer* error by the Veterans Court.

Nor do we see any such error by the Veterans Court, which expressly recognized the relevant principles of *Comer*. The Veterans Court recognized that Mr. Batiste's evidence should be given a sympathetic reading, and it reviewed the evidence, and the Board's analysis of the evidence, including the evidence of a need for a rolling walker and cane, through that lens. *Decision*, at \*5; *see Batiste CAVC Br.*, at 6; Batiste Opening Br. at 8, 9, 12, 13. It concluded, applying the governing legal standard to the facts of this case, that there was no ambiguity to resolve. *Decision*, at \*5.

In this circumstance, there is no identified legal error that comes within our jurisdiction. In *Ellington v. Peake*, "the Veterans Court explicitly acknowledged its obligation to sympathetically read [a veteran's] claims . . . implicat[ing] the application of law to fact, a matter over which we lack jurisdiction." 541 F.3d 1364, 1372 (Fed. Cir. 2008) (cleaned up). Mr. Batiste's argument about the Veterans Court's treatment of *Comer* is at most an argument about application of law to fact—an argument we lack jurisdiction to entertain.

To the extent that Mr. Batiste otherwise argues factual error by the Board or the Veterans Court, such an argument is likewise beyond our jurisdiction. That is so even for Mr. Batiste's reliance, at oral argument in this court, on a statement in his social-security-disability record in October 2006 that he could not take a bath, so he took showers instead. Oral Arg. 28:41–29:42, https://www.cafc.uscourts. gov/oral-arguments/25-1106_05052026.mp3; *see* J.A. 61. In addition, we note, this evidence is not compelling on the

aid issue in itself, as reflected in the apparent absence of any singling out of this showering/bathing evidence in his brief here or in the Veterans Court, or even a mention of it in the argument sections of those briefs.

Because we are without jurisdiction to rule on the issue presented by Mr. Batiste, we must dismiss his appeal.

The parties shall bear their own costs.

**DISMISSED**