# United States Court of Appeals for the Federal Circuit

---

**NORMAN A. HARRIS,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2012-7111

---

Appeal from the United States Court of Appeals for Veterans Claims in 10-0704, Judge Robert N. Davis.

---

Decided: January 4, 2013

---

NORMAN A. HARRIS, of Greenville, Indiana, pro se.

CARRIE .A DUNSMORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and LARA K. EILHARDT, Attor-

ney, United States Department of Veterans Affairs, of Washington, DC

—————————

Before DYK, PLAGER, and O'MALLEY, *Circuit Judges*.

PLAGER, *Circuit Judge*.

Norman Harris seeks review of a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court").[1]  The Veterans Court had affirmed a February 23, 2010, decision of the Board of Veterans' Appeals ("Board").  In the part of that decision relevant to this appeal, the Board denied entitlement to an effective date prior to July 29, 2002, for Mr. Harris' service-connected contact dermatitis and latex allergy.[2]  Because the Veterans Court did not apply the proper legal standard for determining whether the Board had correctly identified the date of Mr. Harris' earliest application for the benefits attributable to this claim, we *vacate and remand*.

BACKGROUND

Mr. Harris served on active duty in the United States Army from October 1963 to October 1966 and from January 1967 to January 1970.  On January 24, 1985, he

—————————

[1]  *Harris v. Shinseki*, No. 10-0704, 2011 WL 5605990 (Vet. App. Nov. 18, 2011).

[2]  The Veterans Court's decision also remanded Mr. Harris' claims that he is entitled to an increased disability rating for his service-connected contact dermatitis and latex allergy, and that he should be compensated as a married person rather than as a single person.  In his briefs, Mr. Harris does not challenge the Veterans Court's decision to remand those claims for readjudication by the Board.  Thus, the Veterans Court's remand decision is not before us on appeal.

participated in a VA Medical Center examination. One of the forms associated with that examination is captioned an "Agent Orange Registry Code Sheet" and indicates that Mr. Harris complained of "skin rashes on trunk and arms." Another of the forms associated with Mr. Harris' examination, listing his years of service in Vietnam, is captioned an "Application for Medical Benefits," states that "[t]he information on this form is solicited under authority of Title 38, U.S.C., 'Veterans' Benefits,' and will be used to determine your eligibility for medical benefits," and was signed by Mr. Harris and dated "1-24-85."

On July 29, 2002, Mr. Harris, *pro se*, filed a claim seeking service-connected disability compensation for, among other things, contact dermatitis and latex allergy. The Department of Veterans Affairs regional office ultimately granted Mr. Harris' claims, and assigned an effective date for his skin condition disabilities of July 29, 2002. Mr. Harris, again appearing *pro se*, appealed to the Board arguing, among other things, that the effective date for his skin condition disabilities should be the date of his 1985 VA Medical Center examination.

The Board held that "the report of the Agent Orange Registry examination that was conducted in January 1985 did not constitute a claim – formal or informal – for service connection for contact dermatitis and latex allergy" and, therefore, "the written communication from the Veteran that was received on July 29, 2002, is the earliest expression by him of an intent to apply for service connection for a skin disorder." Slip Op. at 12. The Board concluded that Mr. Harris is not entitled to an earlier effective date for his service-connected skin disabilities.

Mr. Harris appealed the Board's decision to the Veterans Court. The Veterans Court "discern[ed] no clear

error with the Board's finding that the 1985 form did not constitute a claim," and issued a single-judge decision affirming the Board's denial of an earlier effective date for Mr. Harris' skin disabilities. *Harris*, 2011 WL 5605990, at \*1. Mr. Harris filed a motion for panel reconsideration, which the Veterans Court granted. Upon three-judge review, the Veterans Court in a brief decision held that the single-judge memorandum decision remains the decision of the court. Mr. Harris now appeals to this court.

## DISCUSSION

This court's review of Veterans Court decisions is strictly limited by statute. Unless an appeal presents a constitutional issue, we may not review challenges to factual determinations or challenges to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2). Thus, the Government is correct that "the determination as to whether evidence of record establishes that the claimant filed a claim for benefits . . . is beyond this court's jurisdiction . . . ." Resp't-Appellee's Informal Br. at 10-11 (internal quotations and modifications omitted).

However, we may review whether the Veterans Court failed to consider a controlling rule of law in reaching its decision. 38 U.S.C. § 7292(a). Our previous decisions have made clear that *pro se* filings must be read liberally. *See Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004); *Szemraj v. Principi*, 357 F.3d 1370, 1373 (Fed. Cir. 2004); *Roberson v. Principi*, 251 F.3d 1378, 1384 (Fed. Cir. 2001).[3] In *Roberson*, we held that the VA has a duty to

---

[3]    The cited *pro se* cases involve clear and unmistakable error (CUE) reviews, rather than a direct appeal

fully develop any filing made by a *pro se* veteran by determining all potential claims raised by the evidence. We reiterated this requirement in *Szemraj*, when we stated that the VA must generously construe a *pro se* veteran's filing to discern all possible claims raised by the evidence. Finally, in *Moody*, we held that any ambiguity in a *pro se* filing that could be construed as an informal claim must be resolved in the veteran's favor.

Neither the single-judge memorandum decision nor the order from the three-judge panel provides any indication that the Veterans Court considered *Moody*, *Szemraj*, or *Roberson*, or that the court otherwise acknowledged its obligation to require that the Board generously construe the evidence in this case. Although the Board in its decision had indicated that it "considered the applicability of the benefit-of-the-doubt doctrine," slip op. at 12, we note that the duty articulated in *Moody*, *Szemraj*, and *Roberson* is separate and distinct from the statutory benefit-of-the-doubt requirement under 38 U.S.C. § 5107(b).

The duty articulated in *Moody*, *Szemraj*, and *Roberson* stems from the "uniquely pro-claimant" character of the veterans' benefits system and requires VA "to fully and sympathetically develop the veteran's claim to its optimum *before deciding it on the merits*." *Roberson*,

---

from a Board's denial-of-benefits decision, as was the case here. However, the VA's duty to read filings liberally is equally applicable to such pro se direct appeals. *Compare Robinson v. Shinseki*, 557 F.3d 1355, 1359 (Fed. Cir. 2009) (discussing why direct appeals require sympathetic viewing by VA even when counsel are present) *with Andrews v. Nicholson*, 421 F.3d 1278, 1283 (Fed. Cir. 2005) (indicating that the liberal reading rule is not applicable to CUE pleadings filed by counsel).

251 F.3d at 1384 (citing *Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1988)) (emphasis added).  In contrast, the statutorily-mandated benefit-of-the-doubt rule assists the VA in deciding a veteran's claim on the merits after the claim has been fully developed:  "When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant."  38 U.S.C. § 5107(b).  Thus, the Board's consideration of the benefit-of-the-doubt doctrine does not replace VA's duty under *Moody*, *Szemraj*, and *Roberson* to generously construe the evidence in this case and resolve any ambiguities in Mr. Harris' favor.

Because the Veterans Court did not apply the proper legal standard for determining whether the Board had correctly determined the earliest applicable date for Mr. Harris' claim for benefits, we vacate and remand with instructions for the Veterans Court to remand this issue to the Board (along with the other matters in the case previously remanded to the Board) for further proceedings consistent with this opinion.

**VACATED AND REMANDED**