NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROSARIO RANCES RUBIA,**

*Claimant-Appellant,*

**v.**

**Eric K. Shinseki,**
**SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2012-7155

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-2865, Judge Mary J. Schoelen.

---

Decided: May 13, 2013

---

ROSARIO RANCES RUBIA, San Francisco, Tigaon, Philippines, pro se.

DANIEL RABINOWITZ, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and CHRISTINA L. GREGG, Attorney, United States Department of Veterans Affairs, of Washington, DC.  Of counsel was CHRISTA A. SHRIBER.

———————————

Before NEWMAN, PLAGER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Rosario Rances Rubia ("Ms. Rubia") appeals from the decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a Board of Veterans Appeals ("the Board") decision which found that she did not submit new and material evidence sufficient to reopen her claim for entitlement to non-service-connected death pension benefits. *Rubia v. Shinseki*, No. 09-2865, 2012 U.S. App. Vet. Claims LEXIS 71 (Vet. App. Jan. 18, 2012) ("*Vet. Ct. Op.*").  Because Ms. Rubia's appeal does not raise a legal or constitutional issue falling within this court's jurisdiction, we *dismiss*.

## BACKGROUND

Ms. Rubia is the widow of Antonio Zape Rubia ("Mr. Rubia").  According to a May 2007 letter from the National Personnel Records Center ("NPRC"), Mr. Rubia "served as a member of the Philippine Commonwealth Army, including recognized guerrillas, in the service of the Armed Forces of the United States . . . from September 1, 1941 to June 30, 1946, the date of discharge." *Vet. Ct. Op.*, 2012 U.S. App. Vet. Claims LEXIS 71, at *1-2.  The NPRC letter stated that Mr. Rubia's service "is not considered as active service in the United States Army." *Id.* at *2.  Mr. Rubia died in December 1982. *Rubia v. Peake*, No. 06-1179, 2008 U.S. App. Vet. Claims LEXIS 354, *2 (Vet. App. Mar. 28, 2008).

Ms. Rubia filed a claim for compensation benefits with the Department of Veterans Affairs ("VA") in December

2001. *Id.* In December 2003, the Board found that Ms. Rubia was not entitled to receive non-service-connected death pension benefits because she did not meet the statutory eligibility requirements based on her husband's military service. *See Vet. Ct. Op.*, 2012 U.S. App. Vet. Claims LEXIS 71, at *13 (noting that the Board cited 38 U.S.C. § 107 and 38 C.F.R. § 3.40 in reaching its decision). Ms. Rubia did not appeal that decision and it became final.

Ms. Rubia sought to reopen her claim in May 2005. The Board denied her request in November 2005, on grounds that she failed to submit new and material evidence. *Id.* at *2. In March 2008, the Veterans Court vacated the Board's decision and remanded for further proceedings in light of the Secretary of Veterans Affairs' ("the Secretary") concession that the VA failed to give Ms. Rubia adequate notice of the types of evidence needed to substantiate her claim. *See Rubia*, 2008 U.S. App. Vet. Claims LEXIS 354, at *3-6.

The Board remanded the case to the VA to comply with the Veterans Court's decision, and, in March 2009, the VA regional office denied Ms. Rubia's request to reopen her claim. *Vet. Ct. Op.*, 2012 U.S. App. Vet. Claims LEXIS 71, at *3. In a decision dated June 12, 2009, the Board again found that Ms. Rubia failed to submit new and material evidence sufficient to reopen her claim for benefits. In that decision, the Board noted that: (1) in December 2008, the VA gave Ms. Rubia notice of the evidence necessary to reopen her claim and establish entitlement to the benefits sought; (2) the VA explained to Ms. Rubia that "the RO previously denied [her] claim as the Veteran's Philippine Army service was not considered 'active military service' for purposes of VA death pension benefits"; and (3) in January 2009, Ms. Rubia "indicated that she had no other information or evidence to give to substantiate her claim." Appendix 15. The Board explained that service prior to July 1, 1946 in the organized

military forces of the Government of the Commonwealth of the Philippines, including guerrilla service, is qualifying service "for compensation, dependency, indemnity compensation, and burial allowance . . . [but] it is not qualifying service for VA pension benefits." *Id.* at 17 (citing 38 U.S.C. § 107 and 38 C.F.R. § 3.40). Because Ms. Rubia provided no new and material evidence showing that her husband had the type of service that would confer eligibility for non-service-connected death pension benefits, the Board concluded that her claim could not be reopened. Ms. Rubia appealed this decision to the Veterans Court.

Before the Veterans Court, Ms. Rubia argued, among other things, that the Board failed to consider three letters that she received from the VA. The Veterans Court indicated that two of the letters were not in the record and that it had previously found, in a separate order, that "the Secretary did not err in not including these documents in the record based on his assertion that they do not exist." *Vet. Ct. Op.*, 2012 U.S. App. Vet. Claims LEXIS 71, at *8. The Veterans Court found no prejudicial error in the Board's failure to discuss the third letter, which was in the record, because the letter simply stated "that the RO received her application for benefits, that the application was being processed, and that a decision would be issued as quickly as possible." *Id.* at *8-9.

Ms. Rubia attached a number of documents to her briefing before the Veterans Court. In response to these submissions, the Veterans Court: (1) noted that several of the letters attached – including certification of Mr. Rubia's service – were already in the record; and (2) declined to consider other documents on grounds that they were not before the Board when it rendered its decision. *Id.* at *5 (citing 38 U.S.C. § 7252(b) (precluding the Court from considering any material that was not contained in the

"record of proceedings before the Secretary and the Board")).[1]

Turning to the merits, the Veterans Court found that Ms. Rubia failed to demonstrate that the Board's decision was clearly erroneous or that its decision was unsupported. At the outset, the court noted that Ms. Rubia did "not cite specific laws or regulations that she feels the Board inappropriately applied." *Id.* at *9. Instead, she "appears to read the December 2003 Board decision as denying her claim based on her failure to prove Mr. Rubia's service, and endeavors to have her claim reopened based on her submission of new and material evidence establishing his service." *Id.* at *10. Because Ms. Rubia presented no evidence contradicting the Board's determination that her husband's service did not qualify for pension benefits, and because she did not argue that the relevant statute – 38

---

[1]    Although Ms. Rubia attempted to assert new arguments after the Secretary submitted the record in this case, the Veterans Court declined to consider them on grounds that they were untimely. *See Vet. Ct. Op.*, 2012 U.S. App. Vet. Claims LEXIS 71, at *4-5 (citing Rule 31(a)(3) of the Court's Rules of Practice and Procedure and noting that the Secretary's brief was submitted on June 10, 2010, and Ms. Rubia submitted new arguments in September 2010, long after the fourteen day window for filing a reply brief had passed). The Veterans Court's enforcement of its procedural rules is entitled to deference, and we see no error in the court's application of its rules. *See Carbino v. West*, 168 F.3d 32, 35 (Fed. Cir. 1999) ("Congress has provided the Court of Veterans Appeals the express authority to promulgate its rules, practice and procedure, *see* 38 U.S.C. § 7264(a), and it is appropriate for the Court of Veterans Appeals to have discretionary authority to apply its rules as other courts of appeals.") (citation omitted)).

U.S.C. § 107 – was somehow inapplicable to her case, the Veterans Court found no error in the Board's decision. *Id.* at *16. Ms. Rubia timely appealed to this court.

## DISCUSSION

Our review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Pursuant to 38 U.S.C. § 1541(a), the surviving spouse of a veteran who meets the service requirements set forth in 38 U.S.C. § 1521(j) is eligible to receive non-service-connected pension benefits.[2] A "veteran" is defined as a person who "served in the active military, naval, or air service, and who was discharged or released therefrom

---

[2] Section 1521(j) provides that a veteran meets the service requirements if the veteran:

> served in the active military, naval, or air service – (1) for ninety days or more during a period of war; (2) during a period of war and was discharged or released from such service for a service-connected disability; (3) for a period of ninety consecutive days or more and such period began or ended during a period of war; or (4) for an aggregate of ninety days or more in two separate periods of service during more than one period of war.

38 U.S.C. § 1521(j).

under conditions other than dishonorable." 38 U.S.C. § 101(2). Under 38 U.S.C. § 107(a), service before July 1, 1946 in the "organized military forces of the Government of the Commonwealth of the Philippines," including organized guerrilla forces, "shall not be deemed to have been active military, naval, or air service" for the purpose of conferring pension benefits. *See* 38 C.F.R. § 3.40(c) (providing that persons who served in the Commonwealth Army of the Philippines are entitled to receive "compensation, dependency and indemnity compensation, and burial allowance"); *see also Rivera v. Principi*, 62 F. App'x 942, 945 (Fed. Cir. 2003) (noting that pension benefits are not included in 38 C.F.R. § 3.40(c)).

Here, the Board found that Ms. Rubia failed to submit new and material evidence sufficient to reopen her claim for non-service-connected pension benefits, and the Veterans Court agreed. On appeal, Ms. Rubia states that she "absolutely disagree[s] to the issuance of the affirmation of the BVA or Board's Decision, dated June 12, 2009" because it is "purely incorrect." Informal Br. ¶ 4. She then asks this court to "extend to [her] the favorable verdict in consonance with the submitted Military Service Records derived from the rendered service during WWII in the Philippines, as shown in the records and also about the Honorable Discharge of the deceased veteran, etc." *Id.* at ¶ 6.

In response, the Secretary argues that we should dismiss Ms. Rubia's appeal on grounds that it fails to "raise any issue concerning the validity or interpretation of any statute, regulation, or rule of law relied upon by the Veterans Court that could provide a basis for this Court's jurisdiction." Appellee's Br. 8-9. In the alternative, the Secretary submits that we should affirm the Veterans Court's decision. For the reasons explained below, because Ms. Rubia raises no legal or constitutional issues on appeal, we dismiss.

In her informal brief, Ms. Rubia answered "no" to the question of whether the Veterans Court's decision involved the validity or interpretation of a statute or regulation.[3]  As was the case before the Veterans Court, it seems that Ms. Rubia continues to believe that the denial of pension benefits was based on a failure to prove Mr. Rubia's military service.  To the contrary, the Board specifically found that Mr. Rubia served as a member of the Philippine Commonwealth Army, including with recognized guerrillas, in the service of the Armed Forces of the United States from September 1, 1941 until June 30, 1946.  The Board found, however, that Mr. Rubia's service was not active military service for the purpose of conferring pension benefits and that she failed to submit new and material evidence sufficient to reopen her claim for entitlement to those benefits.  Because Ms. Rubia

---

[3]    In response to this question, Ms. Rubia "respectfully request[s] extension of assistance, that [she] should be allowed to offer written manifestation regarding this matter for enlightenment."  Informal Br. ¶ 2.  Before the Veterans Court, Ms. Rubia argued that she "proceeded throughout the pendency of her claim without the benefit of legal representation" and that "this is 'a neglect' by the RO."  *Vet. Ct. Op.*, 2012 U.S. App. Vet. Claims LEXIS 71, at *6.  The Veterans Court found that the VA repeatedly informed Ms. Rubia of her options for obtaining counsel and specifically concluded that there was "no evidence of neglect on the part of VA."  *Id.* at *7-8.  We find no evidence in the record that the Veterans Court or the Board denied Ms. Rubia the opportunity to obtain legal counsel.  And, to the extent Ms. Rubia's request for "extension of assistance" can be interpreted as a request that this court appoint legal representation, it is denied, as we generally do not appoint counsel on appeal and we see no grounds for doing so here.  Likewise, Ms. Rubia's request to file an additional "written manifestation" is denied.

"offer[ed] no evidence casting doubt on the Board's description of Mr. Rubia's service," the Veterans Court found no error in the Board's decision. *Vet. Ct. Op.*, 2012 U.S. App. Vet. Claims LEXIS 71, at *16.

On appeal, Ms. Rubia does not allege that the Veterans Court's decision was based on an incorrect interpretation of either 38 U.S.C. § 107 or 38 C.F.R. § 3.40. Indeed, the Veterans Court did not interpret or rule on the validity of any statute or regulation. Instead, the sole issue before the Veterans Court was whether the Board's determination that Ms. Rubia had not submitted new and material evidence was "either clearly erroneous or not supported by an adequate statement of reasons or bases." *See Vet. Ct. Op.*, 2012 U.S. App. Vet. Claims LEXIS 71, at *16-17. Because the Veterans Court simply applied the controlling law to the facts, and because we are unable to review the application of that law to these particular facts, we lack jurisdiction. And, as the Secretary points out, to the extent Ms. Rubia continues to allege that her husband qualified as a veteran with active military service, that is a factual determination we lack jurisdiction to review. *See Struck v. Brown*, 9 Vet. App. 145, 152-53 (1996) (indicating that the Board's determination of veteran status is a question of fact subject to the "clearly erroneous" standard of review).

Next, Ms. Rubia argues that the Veterans Court failed to consider certain documents in reaching its decision. Specifically, Ms. Rubia attaches two documents to her informal brief. The first is a proclamation from the former President of the Philippines publishing President Roosevelt's July 26, 1941 military order which provided that members of the Philippine military forces were eligible for certain benefits from the United States. Although this military order is referenced in 38 U.S.C. § 107,[4] as previously indicated, Ms. Rubia has not argued

---

[4] Section 107(a) provides that:

that the Veterans Court misinterpreted any statute or regulation in affirming the Board's decision, and does not explain how she thinks this document supports her claim. Ms. Rubia also attached a January 2001 Social Security Administration publication discussing special benefits for certain World War II veterans. Because Ms. Rubia fails to explain how these documents are relevant to the Veterans Court's decision, we need not address them further.

Finally, although Ms. Rubia answered "yes" to the question of whether the Veterans Court decided constitutional issues, she neither cited any constitutional provision nor identified the issue alleged. Instead, in her written explanation Ms. Rubia: (1) indicates that there were "omissions of the proofs of marked exhibits in evidence"; and (2) includes a vague mention of "VA Laws" along with a string of citations to pages within the record before the agency. Informal Br. ¶ 3. While we are certainly mindful that "pro se filings must be read liberally," *Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013) (citations omitted), Ms. Rubia's failure to make any specific allegations regarding a constitutional violation precludes our review of that claim.

## CONCLUSION

Because we conclude that this appeal does not raise any issues within our jurisdiction, we dismiss.

---

Service before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941 . . . shall not be deemed to have been active military, naval, or air service . . . .

38 U.S.C. § 107(a).

## DISMISSED

COSTS

No costs.