NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDDY JEAN PHILIPPEAUX,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7066

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-4298, Judge Lawrence B. Hagel.

---

Decided: August 11, 2015

---

EDDY JEAN PHILIPPEAUX, Los Angeles, CA, pro se.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; DAVID J. BARRANS, LARA EILHARDT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before CHEN, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

The United States Court of Appeals for Veterans Claims denied Mr. Philippeaux's petition for a writ of mandamus, finding that the Department of Veterans Affairs had already provided the relief he requested. Because we lack jurisdiction to review the Veterans Court's application of mandamus law to the facts of this case, we must dismiss Mr. Philippeaux's appeal.

I

Mr. Philippeaux served in the Navy from 1972 to 1980, and in the Air Force from 1984 to 1985. This appeal concerns his claims for veterans benefits based on a psychiatric disorder, a stomach disorder, and a traumatic brain injury.

In February 1996, Mr. Philippeaux filed a claim for service connection for a psychiatric and a stomach disorder. A year later, the Department of Veterans Affairs (VA) denied these claims. In July 2008, Mr. Philippeaux filed a new claim for similar disorders. After considering additional medical evidence, the VA granted service connection for a psychiatric disorder at a 100 percent rating, effective July 1, 2008. The VA deferred ruling on entitlement to compensation for a stomach disorder, explaining that it was awaiting further clinical records.

Mr. Philippeaux later requested an earlier effective date for his psychiatric disorder. In a November 2014 Statement of the Case, the VA denied his request, concluding that the evidence did not support an earlier effective date.

Mr. Philippeaux filed a separate benefits claim for a traumatic brain injury. In 2011, the VA denied the claim,

but allowed Mr. Philippeaux to seek further medical examination. Mr. Philippeaux filed an appeal to the Board of Veterans' Appeals in June 2011.

On December 15, 2014, Mr. Philippeaux filed a petition for a writ of mandamus in the Veterans Court. He asked the Veterans Court to order the Secretary of Veterans Affairs to (1) vacate the November 2014 Statement of the Case issued on his psychiatric disorder claim because he did not receive the hearing he requested; (2) issue a Statement of the Case on his stomach disorder claim in response to his October 2014 Notice of Disagreement; and (3) certify his 2011 appeal to the Board concerning his traumatic brain injury claim.

While the mandamus petition was pending, the VA held the requested hearing on the effective date of Mr. Philippeaux's psychiatric disorder, after which the VA again denied an earlier effective date. The VA also issued a 10 percent rating for Mr. Philippeaux's stomach disorder. Finally, the VA scheduled a medical examination to develop the record on Mr. Philippeaux's traumatic brain injury claim, which he failed to attend. The VA reported that once the examination was held and the record developed, Mr. Philippeaux would be free to appeal the VA's decision.[1]

The Veterans Court denied Mr. Philippeaux's mandamus petition, finding that Mr. Philippeaux had received the relief he requested. The Veterans Court also found that any further disagreement with the VA's decision may be addressed in the normal appeals process.

---

[1] In March 2015, after the Veterans Court denied the mandamus petition, the Board issued a Supplemental Statement of the Case denying service connection for Mr. Philippeaux's traumatic brain injury.

## II

Our jurisdiction over appeals from the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292(d). We may review questions of law, but absent a constitutional issue, "we may not review challenges to factual determinations or challenges to a law or regulation as applied to the facts of a particular case." *Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013) (citing 38 U.S.C. § 7292(d)).

The Veterans Court has authority to issue a writ of mandamus if (1) the petitioner lacks an alternative means to attain the desired relief; (2) the petitioner demonstrates a clear and indisputable right to the writ; and (3) the court is convinced that issuance of the writ is warranted. 28 U.S.C. § 1651(a); *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).

Mr. Philippeaux does not argue that the Veterans Court misinterpreted this legal standard, or any other statute or regulation. Rather, Mr. Philippeaux contends that the Veterans Court should not have dismissed his petition because the VA did not grant his pending claims or certify an appeal, and because the VA relied on improper medical records in previous decisions. We do not have jurisdiction to review these challenges to the Veterans Court's factual determination that the VA granted the requested relief, or the application of the appropriate legal standard to find that mandamus was not warranted. And Mr. Philippeaux's attempt to label his arguments as violations of his due process rights is insufficient to raise a constitutional question suitable for review. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("To the extent that [the appellant] has simply put a 'due process' label on his contention that he should have prevailed on his [claim], his claim is constitutional in name only.").

We have considered Mr. Philippeaux's remaining arguments and conclude that they are without merit.[2] Accordingly, we dismiss Mr. Philippeaux's appeal for lack of jurisdiction.

### DISMISSED

No costs.

---

[2]    We have reviewed Mr. Philippeaux's submissions of supplemental information. We have also considered Mr. Philippeaux's "supplemental complaint" seeking additional relief (treated as a motion) and his motion for a show-cause order, and find them without merit. We therefore deny both motions.