NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORMAN A. HARRIS,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-1747

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-0649, Judge Robert N. Davis.

---

Decided:  November 4, 2016

---

NORMAN A. HARRIS, Greenville, IN, pro se.

ALBERT S. IAROSSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

This is the second appeal by this pro se veteran appellant, who has doggedly and effectively sought, *inter alia*, an earlier effective date for certain service-connected conditions. In the first appeal, the Board had held against the veteran on this issue, and the Veterans Court had upheld the Board decision in that regard. We vacated and remanded because the Veterans Court failed to apply the proper legal standard as expressed in a series of cases—namely, *Moody v. Principi*, 360 F.3d 1306 (Fed. Cir. 2004); *Szemraj v. Principi*, 357 F.3d 1370 (Fed. Cir. 2004); and *Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001). *See Harris v. Shinseki*, 704 F.3d 946, 947–49 (Fed. Cir. 2013). We explained that pro se filings must be read liberally and that the Department of Veterans Affairs had a duty to generously construe the evidence and resolve any ambiguities in the veteran's favor. *Id.* at 948–49.

On remand the Board again held against the veteran. On appeal to the Veterans Court, this time the court reversed the Board's decision with respect to an issue not now before us,[1] set aside the remainder of the Board's decision, and remanded.

The veteran again appeals here. The Government argues that because the Veterans Court remanded the matter, we do not have jurisdiction over the appeal as there is no final decision to be reviewed. The statute governing our jurisdiction, 38 U.S.C. § 7292, does not impose an explicit finality requirement. However, on prudential grounds, this court generally declines to re-

---

[1]    The Veterans Court reversed the Board's determination regarding the appellate status of claims for diabetes mellitus and diabetic neuropathy.

view non-final Veterans Court decisions in which issues remain to be decided. *See Hudgens v. McDonald*, 823 F.3d 630, 635 (Fed. Cir. 2016).

There is an exception to the finality rule as applied by this court, when the Veterans Court in its opinion purports to decide a legal issue in the case in a manner that in effect is final. *See, e.g.*, *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002). It is true that the Veterans Court in this case, after concluding a remand was in order, went on to discuss certain legal issues in the case by way of guidance to the Board when it next considers the case. It is understandable that the veteran was confused about the legal status of his case, and asked us to hear it on appeal. Nevertheless, as a result of the Veterans Court remand his search for his requested relief remains undecided; the additional discussion by that court of certain legal issues does not represent any final determination of the law applicable to his case, and all issues affecting the veteran's rights in this matter remain to be finally determined.

For these reasons, we lack jurisdiction over the appeal at this juncture, and dismiss Mr. Harris's current appeal.

**DISMISSED**

No costs.