NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDDY JEAN PHILIPPEAUX,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2020-1580

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-4233, Judge Coral Wong Pietsch.

---

Decided: August 4, 2020

---

EDDY JEAN PHILIPPEAUX, Miami, FL, pro se.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ETHAN P. DAVIS, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Eddy J. Philippeaux appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. *See Philippeaux v. Wilkie*, No. 19-4233, 2019 WL 6331379 (Vet. App. Nov. 27, 2019). For the reasons discussed below, we *affirm*.

## I. BACKGROUND

Philippeaux served on active duty in the military for nine years, intermittently between 1972 and 1985.

In 1995,[1] Philippeaux filed a compensation claim with the Department of Veterans Affairs ("VA"), seeking service connection for a nervous condition and stomach disorder. On February 12, 1997, the VA sent Philippeaux a letter informing him that, after considering all the evidence, it had determined that he did not qualify for compensation. The VA included with the letter its February 7, 1997 Rating Decision. On February 20, 1997, Philippeaux filed a Notice of Disagreement ("NOD").

In July 2019, Philippeaux filed a petition for a writ of mandamus in the Veterans Court. He asked the Veterans Court to direct the Secretary to award him a 100 percent disability rating for hyperthyroidism based on his 1995 compensation claim. Philippeaux contended that his claim had been pending and unadjudicated since 1995 because

---

[1] The record is not clear as to whether Philippeaux's initial claim was filed in 1995 or 1996. *See* Appellee's App. 20, 28 n.1. We do not attempt to determine which year is correct and use 1995 because that is the year adopted by the Veterans Court. *Id.* at 4.

the Secretary failed to issue a Statement of the Case in response to his February 20, 1997 NOD.

The Veterans Court denied Philippeaux's petition. It reasoned that Philippeaux failed to demonstrate that he is clearly entitled to the writ or that he lacks adequate alternative means to obtain relief. The Veterans Court explained that intervening VA decisions have denied Philippeaux service connection for hyperthyroidism. Specifically, in a VA denial of service connection issued in 2017, the agency found that the medical evidence failed to establish that Philippeaux had hyperthyroidism. Philippeaux did not appeal the 2017 decision. The Veterans Court also discussed ongoing proceedings relating to hyperthyroidism as a secondary or residual of traumatic brain injury. The court concluded that the ongoing proceeding was sufficient to provide Philippeaux appropriate relief, if any.

Philippeaux appeals.

## II. DISCUSSION

Our jurisdiction over appeals from the Veterans Court is limited. 38 U.S.C. § 7292. We generally cannot review challenges to factual determinations or challenges to a law or regulation as applied to the facts of a case. *Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013) (citing 38 U.S.C. § 7292(d)(2)). Thus, when a veteran appeals from a denial of a writ of mandamus, "[w]e may not review the factual merits of the veteran's claim, but we may determine whether the petitioner has satisfied the legal standard for issuing the writ. In conducting such a review, we do not interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

The Veterans Court has authority to grant a writ of mandamus if the veteran has established: "(1) that he has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which the petitioner may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances." *Id.* at 1157. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 401 (1976).

Philippeaux does not argue the Veterans Court misinterpreted a legal standard, statute, or regulation. Rather, Philippeaux argues it is indisputable that he has hyperthyroidism and the Secretary has left his claim pending for twenty-five years. The Veterans Court, however, only applied settled law to the facts of this case. We discern no legal error in the Veterans Court's conclusion that, because Philippeaux was able and continues to pursue claims relating to hyperthyroidism, he is not entitled to the writ of mandamus.

Philippeaux separately argues that he has been denied due process as a result of an alleged delay in the resolution of his 1995 claims and that the alleged delay deprived him of a constitutionally protected interest in service-connection for his disability. These issues were not a basis for the Veterans Court's decision nor were they raised by Philippeaux in support of his petition. They are, therefore, not properly before us as we review the Veterans Court's denial of mandamus.

### III. CONCLUSION

We have considered all of Philippeaux's remaining arguments and conclude that they are without merit. For the reasons discussed above, we *affirm* the Veterans Court.

**AFFIRMED**

PHILIPPEAUX v. WILKIE                                                5

COSTS

No costs.

PHILIPPEAUX v. WILKIE                                                5