NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CURTIS R. GAYLORD,**

*Claimant-Appellant*

**v.**

**DAT TRAN, ACTING SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2020-1957

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-2184, Judge Amanda L. Meredith.

---

Decided: February 2, 2021

---

CURTIS R. GAYLORD, Joliet, IL, pro se.

IN KYU CHO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs.

———————————————

Before LOURIE, WALLACH, and CHEN, *Circuit Judges*.

PER CURIAM.

Curtis R. Gaylord appeals from a decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") denying his petition for a writ of mandamus to compel the Department of Veterans Affairs ("VA") to recognize an earlier claim for benefits and amend the effective date of disability compensation for his service connection for flat feet. *See Gaylord v. Wilkie*, No. 20-2184, 2020 WL 1685834 (Vet. App. Apr. 7, 2020) ("*Decision*"). Because Gaylord only challenges the application of law to fact, over which we lack jurisdiction, we *dismiss* the appeal.

## BACKGROUND

Gaylord served in the United States Army from October 1974 to March 1976. Gaylord filed a claim for entitlement to service connection for flat feet on July 29, 2002. On October 5, 2012, the VA granted his claim for entitlement and assigned a 10 percent disability rating with an effective date of July 29, 2002. On January 8, 2016, Gaylord requested that the VA change the effective date to March 16, 1976, the date of his separation from service. Gaylord asserted that he had filed an earlier claim for entitlement to service connection for flat feet on March 22, 1976.

On August 22, 2016, the VA's Chicago Regional Office ("RO") denied Gaylord's request to revise the effective date in the RO's Statement of the Case ("SOC"). The RO stated that the VA had no evidence that a claim for service connection for flat feet was received by the VA prior to July 29, 2002. The VA mailed Gaylord a letter dated July 23, 2019 regarding a hearing scheduled for September 30, 2019. The record does not indicate that Gaylord attended that hearing. The VA mailed Gaylord a letter dated February

5, 2020 regarding a second hearing scheduled for May 6, 2020.

On March 24, 2020, Gaylord filed a petition for a writ of mandamus asking the Veterans Court to compel the VA to amend the effective date of disability compensation for his flat feet.  Gaylord asserted that the August 22, 2016 SOC is null and void because he states, the VA lied when it stated that the RO had no evidence of a March 22, 1976 claim for entitlement to service connection for flat feet.

On April 7, 2020, the Veterans Court denied Gaylord's petition for a writ of mandamus.  The court stated that "[i]t appears to the Court that the petitioner seeks a writ as a substitute for the appellate process." *Decision*, 2020 WL 1685834, at *1.  The court noted that the VA had scheduled several hearings for Gaylord with the Board of Veterans' Appeals.  *Id.*  The court also noted that if Gaylord "continues to pursue alternative means to obtain a decision on his request for an earlier effective date and VA fails to respond within a reasonable period of time, he may return to the Court and file a new petition asking the Court to compel VA to respond." *Id.*

On April 28, 2020, Gaylord moved for reconsideration.  On May 8, 2020, the Veterans Court denied Gaylord's motion for reconsideration and entered judgment.  Gaylord timely appealed.

## DISCUSSION

We have limited jurisdiction over appeals from the Veterans Court.  *See* 38 U.S.C. § 7292.  We decide "relevant questions of law, including interpreting constitutional and statutory provisions."  38 U.S.C. § 7292(d)(1).  "Unless an appeal presents a constitutional issue, we may not review challenges to factual determinations or challenges to a law or regulation as applied to the facts of a particular case." *Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013)

(citing 38 U.S.C. § 7292(d)(2)).  The Veterans Court has authority to grant a writ of mandamus if the veteran has established: "(1) that he has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which the petitioner may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances."  *Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013); *see also Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004).  But "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Kerr v. United States Dist. Court*, 426 U.S. 394, 402, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976).

On appeal, Gaylord argues that the VA did not afford him a fair and meaningful proceeding.  Gaylord argues that the VA has violated his constitutional rights.  He asserts that his March 22, 1976 claim is a property right, and that the VA has deprived him of due process by offering an inadequate process for appeal.  The government responds that we lack jurisdiction to review the Veterans Court's denial because Gaylord only disagrees with the Veterans Court's application of the law to his factual circumstances—specifically, whether there are no adequate alternative legal channels through which Gaylord may obtain his requested relief.  The government therefore argues that we should dismiss Gaylord's appeal.  The government alternatively argues that we should affirm the Veteran's Court's decision because Gaylord identified no error.

We agree with the government that we lack jurisdiction to consider the merits of Gaylord's appeal.  Gaylord's characterization of the issue on appeal as "constitutional in nature does not confer upon us jurisdiction that we otherwise lack."  *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).  Gaylord's appeal presents only issues challenging factual determinations and the application of law to fact.  Gaylord continues to argue on appeal that he has been

denied a fair and meaningful proceeding and there can be no regular appellate process based on the RO's alleged misrepresentation that the RO had no evidence of a March 22, 1976 claim for entitlement to service connection. But this argument is merely a challenge to the Veterans Court's factual determination that Gaylord sought a writ as a substitute for an appellate process. *See also Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) ("[E]xtraordinary writs cannot be used as substitutes for appeals. . . .").

Finally, Gaylord argues that the Veterans Court's application of case law on availability of writs was misplaced. *See Decision*, 2020 WL 1685834, at *1 (citing *DiCarlo v. Nicholson*, 20 Vet. App. 52, 56–57 (2006); *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002)). But the application of case law to the facts of a particular case is a quintessential application of law to fact over which we lack jurisdiction. Accordingly, we lack jurisdiction over Gaylord's appeal.

## CONCLUSION

We have considered Gaylord's remaining arguments and conclude that they are without merit. For the reasons discussed above, we *dismiss* for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.