NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**JOSE REMILIEN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2022-1931

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-7704, Judge Scott Laurer.

———————————

Decided: November 14, 2023

———————————

JOSE REMILIEN, Fort Lauderdale, FL, pro se.

AUGUSTUS JEFFREY GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

———————————

Before DYK, CHEN, AND STOLL, *Circuit Judges*.

PER CURIAM.

Jose Remilien appeals the final decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals' decision denying Mr. Remilien benefits because he did not have qualifying military service to make him eligible to receive veteran benefits. We must dismiss because we lack jurisdiction to hear Mr. Remilien's appeal.

## BACKGROUND

Mr. Remilien contends that he served in the United States Army from November 1996 to April 2007. To qualify for veteran benefits, a service member must establish that he or she has *veteran* status. A *veteran* is "a person who served in the active military, naval, air, or space service, and who was discharged or released therefrom under conditions other than dishonorable." 38 U.S.C. § 101(2).

The Board determined Mr. Remilien lacked the requisite service to be eligible for veterans benefits because neither Mr. Remilien nor the Department of Veterans Affairs (VA) were able to locate any records to verify his dates of service. SAppx.[1] 12–14. In September 2014, Mr. Remilien filed claims for service connection for several asserted mental health conditions. SAppx. 10. When the VA regional office requested verification of his service, Mr. Remilien indicated that his DD Form 214 (Report of Separation) was destroyed in a fire. SAppx. 12. Mr. Remilien was unable to provide any other discharge documents or other documents to prove that he served in the active military. SAppx. 12. As such, in November 2014, the VA regional office submitted a request to the relevant service department, seeking Mr. Remilien's service records to establish his service, but the service department responded that it

---

[1] Citations to "SAppx." refer to the supplemental appendix filed by the Government.

was unable to find Mr. Remilien's information in the online system. SAppx. 12. Over the next several years, at the request of the Board, the regional office conducted multiple searches at multiple locations for any documentation that would verify Mr. Remilien's military service. *See* SAppx. 12–13. These searches yielded none. Consequently, based on the service department's certification that Mr. Remilien had no active service as a member of the U.S. Armed Forces, the Board found that "[he] did not have verifiable military service for VA purposes to establish entitlement to VA benefits." SAppx. 14.

Mr. Remilien appealed and the Court of Appeals for Veterans Claims affirmed the Board's decision. *Remilien v. McDonough*, 2022 WL 1055486, at *1 (Vet. App. Apr. 8, 2022); SAppx. 1–2. Given the VA's efforts to locate Mr. Remilien's service documentation, the Veterans Court determined the Board did not err in finding that Mr. Remilien did not have the requisite service to apply for VA benefits. *Remilien*, 2022 WL 1055486, at *1; SAppx. 2. Now, Mr. Remilien appeals and asks this court to review the factual determination that he lacked qualifying military service.

## DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." "Except to the extent that an appeal . . . presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *see, e.g.*, *Conway v. Principi*, 353 F.3d 1369, 1372–73 (Fed. Cir. 2004).

Mr. Remilien asks this court to review the factual determination that he lacked qualifying military service. Mr. Remilien asserts that the Board's decision relied on incorrect dates of entry and release, and he provides updated dates. Appellant's Br. 2–3.[2]

We lack jurisdiction over Mr. Remilien's appeal because the Board's determination of veteran status, upheld by the Veterans Court, is a finding of fact. *See Rubia v. Shinseki*, 524 F. App'x 707, 711 (Fed. Cir. 2013) (nonprecedential). It does not involve the validity or interpretation of a statute or regulation. Nor does it raise any constitutional issues. *See* Appellant's Br. 2. Rather, the appeal essentially asks us to make a factual determination in Mr. Remilien's favor as it relates to qualifying military service. Therefore, we dismiss.

**DISMISSED**

COSTS

No costs.

---

[2] Citations to Mr. Remilien's informal brief reflect the pagination applied by this court's electronic case files system.